## McKNEELY v. BEATTY.

(Court of Civil Appeals of Texas. Galveston. Nov. 20, 1913.)

1. JUSTICES OF THE PEACE (§ 174*)—APPEAL—NEW TRIAL IN APPELLATE COURT — NEW CAUSE OF ACTION.

On the trial in the county court of an action appealed from justice court, the county court cannot entertain a cause of action on a demand in excess of that of which the justice court had jurisdiction, and hence where, in an action to recover $152, plaintiff on appeal amended the petition so as to seek a recovery of $350, in addition to that sought in the justice court, the allegations to sustain this additional recovery should have been stricken.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.*]

2. APPEAL AND ERROR (§ 1042*)—HARMLESS ERROR—RULING ON MOTION TO STRIKE.

Where, though the county court on an appeal from justice court denied a motion to strike out a cause of action not set up in the justice court, when made, the judgment recited that it was sustained, thus indicating that the new cause of action was not considered, the error was cured.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4110–4114; Dec. Dig. § 1042.*]

Appeal from Galveston County Court.

Action by Henry Beatty against C. E. McKneely. Judgment for plaintiff, and defendant appeals. Affirmed.

J. V. Meek, of Houston, for appellant. Geo. G. Clough, of Galveston, for appellee.

McMEANS, J. [1, 2] Henry Beatty brought suit against C. E. McKneely in the justice court of Galveston county to recover

$152, alleged to be double the amount of usurious interest he had paid defendant, and on a trial in that court recovered a judgment for $144. Defendant prosecuted an appeal from this judgment to the county court, where the plaintiff amended his pleadings, and therein, in addition to the claim asserted in the justice court, claimed actual damages in the sum of $100, and exemplary damages in the sum of $250. The case was tried before the court without a jury on the 4th day of March, 1913, and resulted in a judgment for plaintiff for the sum of $136, from which the defendant has appealed.

On the day the case was tried the defendant filed a motion to strike out and hold for naught the allegations of plaintiff's amended petition praying for $100 as actual and $250 exemplary damages in addition to plaintiff's original demand. This motion appears, by an order entered upon the minutes on March 4, 1913, to have been overruled by the court, and this action of the court is made the basis of appellant's only assignment of error. It has been so frequently and consistently held that the county court, in a case to be tried de novo on appeal from the justice court, has no jurisdiction to entertain a cause of action on a demand in excess of that of which the justice court had jurisdiction, that we are at a loss to understand why the new cause of action was pleaded, and that the court did not sustain the motion to strike it out when first presented is inexplicable. However, while it appears from the order entered of record that the court refused to sustain the motion, the judgment rendered in favor of plaintiff upon the trial recites that the motion was sustained. We take it from this that the court did not consider the new cause of action for actual and exemplary damages, and that the sustaining of the motion as shown by the judgment, after overruling it as shown by the order, cures the error here complained of. The judgment is affirmed.

Affirmed