### The Texas & Pacific Railway Company v. Fort Worth Street Railway Company et al.
#### No. 2869.

**1.  Final Judgment — Reconvention. —** A temporary injunction was granted. The defendant answered under oath denying the material allegations in the petition; also in reconvention sought to recover damages for the wrongful suing out of the in-

junction. A motion to dissolve was sustained. The plaintiff then waived its right to have the cause tried upon the merits, and asked that final judgment be entered, which the court refused to do. Plaintiff then asked that its petition be dismissed, which was done, and costs adjudged to defendants, who also at the time brought the attention of the court to the fact that they desired a hearing upon the matters in their reconvention. *Held*, no disposition having been made of the plea in reconvention, there was no final judgment.

2. **Same.**—Until there is a judgment which leaves nothing to be further litigated about in the case, unless it be something which relates to the execution of the judgment, there is no final judgment.

APPEAL from Tarrant. Tried below before Hon. R. J. Boykin, Special District Judge.

The opinion states the case.

*Templeton & Carter*, for motion to dismiss appeal.—The judgment of the court simply and only dismissed plaintiff's petition, thus leaving undisposed of Paine and the claim for damages presented by him, and the claim for damages made by the two street railway companies. That no right might be waived these pleas were brought to the attention of the court, and the bills of exception show that only the plaintiff's case was taken into consideration by the court in entering judgment. Railway Co. v. F. W. & N. O. Ry. Co., 68 Texas, 98; Whittaker v. Gee, 61 Texas, 217; Wootters v. Kaufman, 67 Texas, 488; Bradford v. Taylor, 64 Texas, 171; Long v. Garnett, 45 Texas, 400; Simpson v. Bennett, 42 Texas, 241; Railway v. Smith County, 58 Texas, 74; Rodriguez v. Trevino, 54 Texas, 201; Linn v. Arambould, 55 Texas, 611; Freem. on Judg., secs. 28–34.

*Finch & Thompson* filed briefs on the merits for appellant.

STAYTON, CHIEF JUSTICE.—Appellant brought this suit to enjoin appellees from constructing a street railway across its track, and the defendants filed sworn answers which the court below doubtless held denied all the material allegations in the bill.

After this, a motion to dissolve the injunction on the ground that the bill failed to show equitable ground for the relief sought, and on the further ground that all the material allegations in the bill were denied in the answer.

The defendants also pleaded in reconvention, seeking to recover damages for the wrongful suing out of the injunction.

On hearing the motion to dissolve it was sustained, and appellant then waived its right to have the cause heard on the merits, and asked that final judgment be entered, which the court refused to do; whereupon appellant asked that its petition be dismissed, which was done and costs adjudged to appellees, who brought to the attention of the court the fact

that they had pleaded in reconvention, and desired a hearing on the matters thus presented.

The judgment entered does not show that the court did or intended to do more than to dismiss appellant's petition and adjudged costs against it, leaving the pleas in reconvention to stand for hearing.

From the judgment thus entered this appeal is prosecuted.

Motion to dismiss the appeal is made, on the ground that no final judgment was rendered in the cause, and we are of opinion must be sustained; for until there is a judgment which leaves nothing to be further litigated about in the case, unless it be something which relates to the execution of the judgment, there is no final judgment. Linn v. Arambould, 55 Texas, 611, and cases there cited.

No such judgment was rendered in the court below, and in the absence of such a judgment this court has no jurisdiction to revise the rulings. made.

For want of a final judgment this appeal must be dismissed.

*Appeal dismissed.*

Delivered November 12, 1889.