Missouri, Kansas & Texas Railway Company
et al. v. L. A. Mosty.

No. 1397.

1. **Appeal Bond from Justice to County Court—Joint Appellants.**—There was a joint judgment in Justice Court against two parties defendant who jointly executed an appeal bond to the County Court; conditioned, however, that they would satisfy any judgment that might be there rendered against one of the parties, naming it, but omitting the name of the other in this connection. *Held*, that the bond was sufficient to effect the appeal.

2. **Same—Waiver.**—The appeal bond was sufficient as to one of the appellants, and if it should have been made payable also to the coappellant, this defect was waived by long delay in the County Court before motion to dismiss was made.

3. **Same—Effect of Appeal.**—Since the trial in the County Court is de novo, an appeal from a justice's judgment by any party to it does not merely suspend its execution, but its effect is to annul the judgment.

Appeal from the County Court of Tarrant County. Tried below before Hon. Robert G. Johnson.

*Stedman & Thompson*, for appellant the Missouri, Kansas & Texas Railway Company.—The bond is properly signed by both defendants, and the failure of the bond in mentioning the Missouri, Kansas & Texas Railway Company is a clerical error, and does not affect the validity of the same. Huly v. Huly, 1 W. & W. C. C., sec. 157; Kerr v. Clegg, Id., sec. 791; Mills v. Hucket, Id., sec. 846; Sayles' Civ. Stats., art. 1639, notes 14, 15.

*J. W. Terry* and *West & Smith*, for appellant the Gulf, Colorado & Santa Fe Railway Company.

No brief for appellee reached the Reporter.

HEAD, Associate Justice.—Appellee instituted this suit in the Justice Court against appellants, the Missouri, Kansas & Texas Railway Company, and the Gulf, Colorado & Santa Fe Railway Company, as joint tort-feasors, to recover damages growing out of the shipment of a lot of cattle which passed over the lines of both companies. On February 2, 1892, a joint judgment was rendered in the Justice Court in favor of appellee against both appellants, for the sum of $80, with interest and costs.

On February 9, 1892, the following appeal bond was filed and approved by the justice:

"L. A. Mosty

　"v.　　　　　　　　　　　　　　　　　　　　　　　"No. 1883.

"M. K. & T. Ry. Co. et al.

"Whereas, L. A. Mosty, the plaintiff, recovered a judgment against the Missouri, Kansas & Texas Railway Company, and the Gulf, Colo-

rado & Santa Fe Railway Company, the defendants in the above en-
titled and numbered cause, on the 2nd day of February, 1892, before
A. G. McClung, Esq., a justice of the peace in and for precinct num-
ber 1, in the county of Tarrant, State of Texas, for the sum of $80,
with interest thereon from said date at the rate of 6 per cent per an-
num, besides costs of suit, from which judgment the said Missouri,
Kansas & Texas Railway Company, and Gulf, Colorado & Santa Fe
Railway Company have appealed to the County Court of Tarrant
County, State of Texas:

"Now, therefore, the said Gulf, Colorado & Santa Fe Railway Com-
pany, as principal, and George W. Seibert and F. M. Gilbough, as
sureties, acknowledge themselves bound to pay to the said L. A. Mosty
the sum of $200, conditioned that the said Missouri, Kansas & Texas
Railway Company, and Gulf, Colorado & Santa Fe Railway Company
shall prosecute said appeal to effect, and shall pay off and satisfy the
judgment which may be rendered against said Gulf, Colorado & Santa
Fe Railway Company on such appeal.

"Dated at Galveston, Texas, this 8th day of February, 1892.

> "MISSOURI, KANSAS & TEXAS RY. CO.,
>> "By FINCH & THOMPSON, Attorneys;
> "THE GULF, COLORADO & SANTA FE RY. CO.,
>> "By J. W. TERRY, Solicitor for Texas;
> "GEORGE W. SEIBERT,
> "F. M. GILBOUGH."

The transcript from the Justice Court was filed in the County Court,
February 15, 1892. On January 31, 1893, appellee moved in the County
Court to quash the above bond, for the reason, "that said appeal bond
is not conditioned as required by law, and does not bind the defendant
to pay off and satisfy such judgment as may be rendered against the
appellants, Missouri, Kansas & Texas Railway Company, and Gulf,
Colorado & Santa Fe Railway Company, but only binds them to pay
off and satisfy such judgment as may be rendered against the Gulf,
Colorado & Santa Fe Railway Company."

This motion was sustained, and the appeal dismissed as to both ap-
pellants. From this judgment of dismissal, this appeal is prosecuted.

We are of opinion the court erred in dismissing the appeal of the
Gulf, Colorado & Santa Fe Railway Company. We find no defect in
the bond as to said appellant, unless it can be said that it should have
been made payable to its coappellant. As to this we need not decide,
as the point was not made in the motion upon which the court acted;
but see Jordan v. Moore, 65 Texas, 364.

If, however, this objection had been made, we would be of opinion
the defect, if such there was, was not jurisdictional in this case, and
should have been treated as waived, by reason of the long time during
which the appeal was pending in the County Court before any objection

was interposed to the bond. Cason v. Laney, 82 Texas, 317; Zapp v. Michaelis, 56 Texas, 395; Cason v. Connor, 83 Texas, 26.

As to the Missouri, Kansas & Texas Railway Company, we think the action of the court would have been proper had it been the only party against which the judgment was rendered. It will be observed, that neither the principal nor securities obligate themselves to satisfy the judgment which may be rendered against said last named company; and we think that, as to it, it can not be said any appeal bond has been given.

The appeal by the Gulf, Colorado & Santa Fe, however, annulled the judgment appealed from as to both appellants. In the case of Moore v. Jordan, 65 Texas, 396, it is said: "The judgment rendered in the Justice Court was a joint judgment against David Jordan, Tamer Jordan, and the sureties on the replevin bond. An appeal from that judgment, by any party against whom it was rendered, annulled it. It was no longer a judgment which, in any event, would authorize an execution. This is believed to be the rule in all cases of joint judgments where, on appeal, the trial is de novo. Powell on App. Proc., 357, 373; Freem. on Judg., 328; Curtiss v. Beardsley, 15 Conn., 518; Bank v. Wheeler, 28 Conn., 433; Campbell v. Howard, 5 Mass., 378; Bender Bros. v. Lockett, 64 Texas, 566.

"The Constitution provides, that in all appeals from Justice Courts there shall be a trial de novo. An appeal from a judgment rendered in a Justice Court does not merely suspend its execution until the determination of the cause in the appellate court, as does an appeal from District Court to this Court, but its effect is to annul the judgment."

The judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*

Delivered October 17, 1894.

STEPHENS, Associate Justice, did not sit in this case.