## MRS. S. M. INGRAHAM v. C. F. RUDOLPH.

### Decided May 8, 1909.

**Judgment of Justice Court—Appeal—Effect.**

On appeal to a County Court from a Justice Court the trial is de novo, and the effect of such appeal is to annul the judgment of the Justice Court in its entirety. When, therefore, a judgment is rendered against two defendants in a Justice Court and only one appeals, and in the County Court a trial is had between the plaintiff and said appealing defendant alone, and the judgment makes no disposition of the other defendant, the judgment is not a final judgment and will not support an appeal.

Appeal from the County Court of Sherman County. Tried below before Hon. D. J. Wilson.

*Hyde & Stalcup* and *John H. Stahl,* for appellant.

*C. F. Rudolph,* for appellee.

SPEER, ASSOCIATE JUSTICE.—The appeal in this case is dismissed for the following reason: Appellee Rudolph sued John F. Carter and appellant S. M. Ingraham in the Justice's Court of precinct number four, Sherman County, and recovered judgment against both of them in the sum of one hundred and ninety-nine dollars and ninety-five cents. From this judgment Ingraham alone appealed to the County Court, and in the latter court the case was again tried as between the plaintiff and the defendant Ingraham, and a judgment entered against that defendant alone, making no disposition whatever of the defendant Carter.

It has long been the settled doctrine in this State that on appeal to

the County Court from the Justice's Court the trial is *de novo,* the effect of such appeal being to annul the judgment of the Justice's Court, and it has equally long been the rule that an appeal by any party against whom the judgment was rendered annuls the judgment in its entirety. Moore v. Jordan, 65 Texas, 395, and authorities there cited. The judgment in the County Court then, failing as it does to dispose of the defendant Carter, is not such a final judgment as will support an appeal to this court. The appeal is therefore dismissed.

*Dismissed.*