LASATER et al. v. STREETMAN.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 15, 1913.)

1. JUSTICES OF THE PEACE (§ 162*)—APPEAL —EFFECT.

An appeal by one party to a suit in a justice's court operates as an appeal of the entire case and nullifies the judgment in its entirety, though another party fails to perfect his appeal by filing bond.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 600–603, 605; Dec. Dig. § 162.*]

2. LANDLORD AND TENANT (§ 246*) — LIEN FOR ADVANCES—SUBJECT-MATTER.

The landlord's lien is given by Rev. Civ. St. 1911, art. 5475, for supplies furnished to the tenant to enable him to make a crop, and only attaches to the crop for the making of which such supplies were furnished.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 991–1002; Dec. Dig. § 246.*]

3. LANDLORD AND TENANT (§ 270*) — LIEN FOR ADVANCES—DISTRESS.

The landlord's lien on the crop for supplies furnished to the tenant being given by the statute (Rev. Civ. St. 1911, art. 5475) may be foreclosed, though the affidavit and bond for the distress warrant are defective.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1098–1123, 1125, 1126, 1128–1139, 1146–1148; Dec. Dig. § 270.*]

Appeal from Taylor County Court; T. A. Bledsoe, Judge.

Action by J. W. Streetman against C. B. Lasater and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Ben L. Cox, of Abilene, for appellants. W. L. Grogan, of Abilene, for appellee.

DUNKLIN, J. J. W. Streetman, who rented land to C. B. Lasater for the year 1910, sold to Lasater certain farming implements which were used in cultivating the crop grown by the tenant during that year. Lasater agreed to pay for the implements on September 1, 1910, but was unable to do so on account of a poor crop. On December 22, 1910, he executed and delivered to the landlord his promissory note for the principal sum of $30, the purchase price of the implements so sold, due and payable October 1, 1911, with 10 per cent. interest from date.

On or about the date of the note Streetman rented to Lasater the same land for the following year of 1911. He instituted this suit in the justice's court against C. B. Lasater and Ed Wristen and J. U. Johnson, composing the partnership firm of Wristen & Johnson, to recover of Lasater the amount of principal, interest, and attorney's fees due on the promissory note mentioned above, and to foreclose the landlord's lien claimed by him as against all defendants upon one bale of cotton which was grown upon the rented premises by Lasater during the year 1911, and which had been sold by Lasater to Wristen & Johnson. At the time of the institution of the suit, plaintiff sued out a distress warrant, which was levied upon the bale of cotton then in the possession of Wristen & Johnson. All the defendants answered in the suit. Wristen & Johnson contested the validity of the affidavit and bond for the distress warrant, and denied plaintiff's claim of a landlord's lien thereon. Lasater also denied the existence of the landlord's lien upon the cotton, questioned the validity of the affidavit and bond for the distress warrant, and reconvened for damages against the plaintiff in the sum of $197 for depreciation in the value of the cotton levied on, injury to Lasater's reputation and credit, mental worry, attorney's fees, etc.

Judgment was rendered by the justice's court in favor of Streetman against Lasater for the amount due upon the promissory note for foreclosure of the landlord's lien claimed upon the cotton against all the defendants, and denied Lasater any recovery upon his plea of reconvention for damages. The defendants all excepted to that judgment and gave notice of appeal to the county court. Thereafter Wristen & Johnson perfected their appeal by filing an appeal bond which was duly appealed by the justice of the peace, and all the papers in the case, together with a transcript from the justice's court docket, having been transmitted to the county court, the case was there duly docketed. Upon the trial of the case in the county court the plaintiff moved to dismiss the appeal of the defendant C. B. Lasater, as he, Lasater, had filed no appeal bond, from the justice's court judgment. This motion was sustained, and the trial in the county court was confined solely to the issues between plaintiff and the defendant Wristen & Johnson. That trial resulted in a judgment in favor of the plaintiff against Wristen & Johnson for the amount of the note, principal and interest, and attorney's fees, and for foreclosure of the landlord's lien claimed by the plaintiff upon the cotton. From that judgment Wristen & Johnson have appealed to this court, and Lasater also has prosecuted an appeal from the judgment dismissing his appeal from the justice's court.

[1] The county court erred in dismissing

the appeal from the justice's court by C. B. Lasater. While Lasater did not file an appeal bond from the justice's court, it is well settled that an appeal from a judgment rendered by the justice's court by any party to the suit operates as an appeal of the entire case and nullifies the judgment rendered in the justice's court in its entirety. Article 1950, Revised Statutes 1911. Ingraham v. Rudolph, 55 Tex. Civ. App. 609, 119 S. W. 906; Ayers v. Smith, 28 S. W. 835; Moore v. Jordan, 65 Tex. 395. In the case of Ingram v. Rudolph, supra, the appeal was dismissed by the Court of Civil Appeals for lack of a final judgment in the county court, but it will be noted that the judgment was entirely silent as to one of the parties. In the present case, however, the final judgment rendered by the county court did dispose of C. B. Lasater by dismissing his appeal, and thus denying him a right to be heard upon the final trial in that court.

[2] The testimony showed without controversy that the implements sold by Streetman to Lasater were sold during the year 1910, and in time for Lasater to use those implements in the cultivation of the crop grown by him upon plaintiff's land during the year, and that the bale of cotton upon which a landlord's lien was claimed by the plaintiff was grown by the tenant during the year 1911. Article 5475, Revised Statutes 1911, reads as follows: "All persons leasing or renting land or tenements, at will or for a term, shall have a preference lien upon the property of the tenant hereinafter indicated upon such premises, for any rent that may become due and for all money and the value of all animals, tools, provisions and supplies by the landlord to the tenant to enable the tenant to make a crop off of such premises, and to gather, secure, house and put the same in condition for market, the money, animals, tools, provision and supplies so furnished being necessary for that purpose, whether the same is to be paid in money, agricultural products, or other property; and this lien shall apply only to animals, tools, and other property furnished by the landlord to the tenant, and to the crop raised on such rented premises." In construing this statute Justice Pleasant of the First Supreme Judicial District in Walker v. Patterson's Estate, 77 S. W. 437, said: "The lien is given for supplies furnished and advance made to the tenant to enable him to make a crop, and only attaches to the crop for the making of which such advances were made and supplies furnished." To the same effect is the decision in the case of McMullen v. Green, 149 S. W. 763. We think this is the proper interpretation of the statute. By the terms of the statute the lien is given upon "the crop raised on such rented premises," and the lien for such animals, tools, provision, and supplies furnished by the landlord is limited to such articles as may be necessary "to enable the tenant to make a crop on such premises and to gather, secure, house and put the same in condition for market"; the word "crop," and not "crops," being used in both instances. However, everything grown on the land during the same season would be included in the word "crop." If the lien is created upon one crop only, it could hardly be supposed that the Legislature intended that the lien for rent should attach to any crop other than the one grown during the year when the rent accrued, nor that the lien for animals, tools, provisions, and supplies should attach to any crop other than the one for the growing, gathering, and marketing of which such animals, tools, and supplies were furnished.

[3] A discussion of numerous assignments of error to the refusal of the trial court to quash the affidavit and bond for the distress warrant becomes unnecessary for the following reasons: The landlord's lien, if any, is given by the statute, and is not dependent upon the issuance of a distress warrant. If a lien existed in favor of the plaintiff against the cotton, he would be entitled to a foreclosure of the same, even though the affidavit and bond for the distress warrant should be held defective. Randall v. Rosenthal, 27 S. W. 906, and decisions there cited. Whether the distress proceedings were regular or irregular would be an immaterial consideration in determining whether or not Lasater could recover on his counterclaim for damages for wrongfully suing out the writ, and, as it clearly appeared that no lien existed in favor of the landlord upon the bale of cotton purchased by Wristen & Johnson, plaintiff's claim for a lien thereon should have been denied independent of the question of the validity or invalidity of the distress proceedings.

The judgment will, therefore, be reversed, and the cause remanded for a new trial in accordance with the foregoing conclusions.