## BIGHAM v. HINES, Director General of Railroads. (No. 8415.)

(Court of Civil Appeals of Texas. Dallas. Dec. 4, 1920. Rehearing Denied Jan. 8, 1921.)

Railroads ⚍411(10½)—Liable for killing animal straying on defectively fenced right of way.

Where the section foreman of a railroad company which had fenced its right of way at place where a fence was not required by law was negligent in letting the fence get out of repair so that plaintiff's mare got on the right of way and was killed by a train, the company was liable, though the trainmen could not by exercising ordinary care have avoided the injury.

Appeal from Hill County Court; R. T. Burns, Judge.

Suit by O. D. Bigham against Walker D. Hines, Director General of Railroads, controlling the Trinity & Brazos Valley Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Vaughan & Abney, of Hillsboro, for appellant.

Will M. Martin, of Hillsboro, for appellee.

RAINEY, C. J. Appellant sued appellee for the death of one mare of the value of $125 in the county court of Hill county. The appellee answered by general denial. The trial court submitted issues to the jury, upon the answers to which issues the court entered a judgment for appellee.

The appellee had fenced its road along that portion which under the law is not required to be fenced, but which appellee allowed to get out of repair. Plaintiff's mare got through the fence onto the right of way and was killed as a result of the negligence of appellee's employés.

Certain issues were submitted to the jury as follows:

"Special Issue No. 1. Do you or not find from the evidence that the section foreman of the Trinity & Brazos Valley Company was negligent in failing to keep in repair the fence between plaintiff's farm and the right of way of said railway company?

"Special Issue No. 2. If you have answered the foregoing special issue in the affirmative, then state whether or not you find that such negligence, if any, was the natural and proximate cause of the injury sustained by plaintiff's mare.

"Special Issue No. 3. Do you or not find that the plaintiff's mare was injured by the locomotive or cars of the Trinity & Brazos Valley Railway Company in running over said railroad, operated by the Director General of Railroads?

"Special Issue No. 4. In the event you have answered special issue No. 3 in the affirmative, then you will answer whether or not you find from the evidence that the servants or agents of the Director General of Railroads who were operating the train over the Trinity & Brazos Valley Railway track on the evening of December 14, 1918, could, by the exercise or ordinary care, have avoided injuring plaintiff's mare.

"Special Issue No. 5. Do you or not find from the evidence that the death of plaintiff's mare was the natural and proximate result of the injuries sustained by her on the night of December 14, 1918?

"Special Issue No. 6. What do you find the reasonable cash market value of said mare just before the injury of said mare?"

The answers to said special issues were all favorable to the plaintiff, except to No. 4, which was answered "No."

We are of the opinion that the jury was correct in finding that the section foreman of the railroad was negligent in letting its fence get out of repair and in allowing the mare to get on the right of way, which was the cause of the mare being struck and killed. The mare was worth $125.

The court erred in rendering judgment for appellee. The jury was correct in their findings of facts, which warranted a judgment for plaintiff. Therefore the judgment is reversed, and here rendered for plaintiff. Railway Co. v. Dixon, 49 Tex. Civ. App. 506, 109 S. W. 978; Railway Co. v. Pruitt, 101 Tex. 548, 109 S. W. 925; Railway Co. v. Lovell, 221 S. W. 929.

Reversed and rendered.