## RASCO v. HOUSTON & T. C. RY. CO. (No. 48.)

(Court of Civil Appeals of Texas. Waco. Feb. 14, 1924. Rehearing Granted April 17, 1924.)

**1. Appeal and error ⚖➾78(3)—Judgment of dismissal as to one only of two defendants not final and appealable.**

A judgment sustaining a demurrer and dismissing the action as to one only of two defendants is not a final and appealable judgment.

**2. Justices of the peace ⚖➾152—All parties in justice's court become parties in county court on appeal by one party.**

An appeal to the county court from the justice's court by one party carries the entire case, and all parties in the justice's court become parties in the county court and must be disposed of by its judgment.

**3. Appeal and error ⚖➾20—Justices of the peace ⚖➾141(4)—County court and Court of Civil Appeals held without jurisdiction on appeal from justice's court because of amount involved.**

The county court and the Court of Civil Appeals on appeal from the Justice's Court in a suit for $200 damages and interest for 16 months *held* without jurisdiction because of the amount involved.

### On Rehearing.

**4. Railroads ⚖➾411(10½)—Allegation that animal was struck by train unnecessary in complaint for negligent maintenance of fence.**

In action for injury to horse on bridge or cattle guard due to railroad's negligent maintenance of its fence permitting horse to enter right of way, it was unnecessary to allege that the train actually struck the horse, the railroad being liable for any injury from negligence in permitting the horse to come upon the right of way.

**5. Appeal and error ⚖➾1178(8)—Where court without jurisdiction because of the amount sought to be recovered, case should be remanded to permit amendment of pleadings.**

Where, on appeal from the justice's court to the county court, pleadings are amended so that the sum sought to be recovered is in excess of the jurisdiction of the justice's court on appeal to the Court of Civil Appeals, the case should be reversed and remanded in order that the parties may, if they desire, amend their pleadings.

Appeal from Madison County Court; T. Ferguson, Judge.

Action by S. L. Rasco against the Houston & Texas Central Railway Company, wherein the Trinity & Brazos Valley Railway Company was interpleaded. From judgment for defendant, plaintiff appeals. Reversed and remanded.

J. M. Brownlee, of Madisonville, for appellant.

Baker, Botts, Parker & Garwood and Berry, Harris & Moore, all of Houston, for appellee.

BARCUS, J. [1, 2] This suit originated in the justice court, having been filed by appellant against appellee for $200, the alleged value of a horse that had been killed in a cattle guard. The appellee in the justice court interpleaded the Trinity & Brazos Valley Railway Company, and judgment was rendered in the justice court for appellant against the appellee and the Trinity & Brazos Valley Railway Company jointly. Appellee appealed to the county court. In the county court on January 17, 1923, appellant filed his amended petition, seeking damages against appellee and the Trinity & Brazos Valley Railway Company for $200, with 6 per cent. interest from August 19, 1921. The county court sustained a general demurrer filed by appellee and dismissed the suit as against appellee. The judgment of the trial court does not in any way dispose of the defendant Trinity & Brazos Valley Railway Company, and by reason thereof there is no such final judgment as will support an appeal to this court. Ingraham v. Rudolph, 55 Tex. Civ. App. 609, 119 S. W. 906; Cook v. Baldwin (Tex. Civ. App.) 136 S. W. 1154; T. & P. Ry. Co. v. Street Railway Co., 75 Tex. 82, 12 S. W. 977. The Trinity & Brazos Valley Railway Company having been a party in the justice court, the appeal to the county court by one party carried the entire case and all parties in the justice court were parties in the county court and must be dis-

⚖➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

posed of. M., K. & T. Ry. Co. v. Mosty, 8 Tex. Civ. App. 330, 27 S. W. 1057; Ayers v. Smith (Tex. Civ. App.) 28 S. W. 835; Lasater v. Streetman (Tex. Civ. App.) 154 S. W. 657.

[3] The cause having originated in the justice court and appellee having sued for $200 damages and 6 per cent. interest for 16 months, the county court was without jurisdiction, and this court is without jurisdiction of the amount involved. Davis v. Hagan (Tex. Civ. App.) 255 S. W. 484.

There being no final judgment, and neither the county court nor this court having jurisdiction of the subject-matter, the appeal is dismissed.

### On Rehearing.

At a former day of this term this cause was dismissed for want of jurisdiction, because the transcript did not show a final judgment in the county court disposing of all the parties, and because the matters in controversy were beyond the jurisdiction of the justice court, where the cause originated.

The appellant by certiorari has brought to this court the judgment of the trial court, showing that all of the parties were disposed of in said court, and the record shows the case as originally filed was within the jurisdiction of the justice court, same having been amended in the county court and damages claimed beyond the original jurisdiction of the justice court.

Appellant sued appellee, alleging that by reason of the appellee having negligently, willfully, carelessly, and with want of ordinary care torn down or caused to be torn down its right of way fence and permitting same to be left down and open, appellant's horse went on appellee's track and was injured by being run into the bridge or cattleguard and injured in such way that it had to be killed; and that said horse was of the reasonable value of $200 for which he prayed judgment. In the county court he amended his pleadings and prayed for judgment for $200 with 6 per cent. interest from the time the horse was killed, which was three months before suit was filed in the justice court. Appellee answered by special exceptions, claiming that it was not liable because plaintiff did not allege that its train struck the horse or that its train in any way killed his horse, and alleged specially that the horse of its own free will and accord ran upon the bridge or cattleguard and killed itself, for which act appellee was not liable. The court sustained the special exception and dismissed the cause as to the appellee, Houston & Texas Central Railroad Company, from which this appeal is perfected.

[4] The only error assigned is that the trial court erroneously sustained appellee's exception. It is the duty of the railway company after it fences its right of way to use ordinary care and diligence to keep its fence in repair, and if by reason of the negligence of the railway company said fence does become in bad repair, and by reason thereof stock is permitted to get on the right of way and is injured, the railway company is liable. I. & G. N. Ry. Co. v. Dixon, 49 Tex. Civ. App. 506, 109 S. W. 978; Gulf, Colorado & Santa Fé Ry. Co. v. Benaist (Tex. Civ. App.) 122 S. W. 587; Quanah, A. & P. Ry. Co. v. Price (Tex. Civ. App.) 192 S. W. 805; Bigham v. Hines (Tex. Civ. App.) 226 S. W. 512; Texas Central Ry. Co. v. Pruitt, 101 Tex. 548, 109 S. W. 925. The trial court was in error in sustaining the exception.

[5] Where the suit as filed in the justice court was within the jurisdiction of the court and same was amended in the county court, asking for a sum beyond the jurisdiction of the justice court, the proper disposition of the cause where that is the only question involved is to reverse and remand, in order that the parties may, if they desire, amend their pleadings. Davis v Hagan (Tex. Civ. App.) 255 S. W. 484; Dockery v. Shaw & Rogers, 260 S. W. 909, recently decided by this court, not yet [officially] published.

Appellant's motion for a rehearing is granted, the judgment heretofore rendered is set aside, and the cause is reversed and remanded.