Statement.
During October, 1923, F. D. Tuttle was a subscriber to the Employers' Liability Act by virtue of a policy of insurance carried by him for the benefit of his employees with the Ocean Accident Guarantee Corporation, Limited, and the Beverly Oil Syndicate was a subscriber under said act by virtue of a policy carried by it for the benefit of its employees with the Maryland Casualty Company. On the 31st day of October, 1923, M. A. Baker was in the service of one or the other of said employers, or both of them, and on said date, while engaged in such service, received an injury resulting in his death. Mrs. M. A. Baker, the surviving wife, presented one claim to the Industrial Accident Board for compensation against both said insurance orders; said claim being No. J-11462. The board, after hearing the evidence, made its award; the parts material to the question involved reading as follows:
"That at the time said injury was suffered, the said M. A. Baker was engaged in the employment of either the said F. D. Tuttle or the Beverly Oil Syndicate or both of them. That the relations between the said F. D. Tuttle and the said Beverly Oil Syndicate were so intermingled that it is impossible under the proofs submitted to determine with exactness which of the said employers the said M. A. Baker, deceased, was actually serving, or whether he was actually serving both of them at the time said fatal injury was sustained * * * and the policy of one or the other, and perhaps both of said employers actually covered the said M. A. Baker, deceased, at the time said fatal injury was inflicted. That, due to the confused state of the proofs with reference to whether both of said policies actually covered the said M. A. Baker at the time of said injury, or whether only one of them in fact covered him on said occasion, the board is of the opinion that the award that is hereafter made ought to be and the same is hereby made jointly and severally against both the Ocean Accident Guarantee Corporation, Limited, and the said Maryland Casualty Company, and it is so ordered, adjudged, and decreed by the board."
The decree recited further:
"The board further finds that, while the award made here is joint and several against both the Ocean Accident Guarantee Corporation, Limited, and the Maryland Casualty Company, and that the right of the claimant is made in whole and complete against each of said companies, yet it is not intended that there shall be a full payment of the award by each of said companies, or that there shall be a double recovery, and that, notwithstanding said joint and several character of said award, the payment of one full benefit by both of said companies together, or whether jointly and severally made, will inure to the benefit of both of said companies, and the payment of one full recovery in accordance with said award, whether made by one of said companies separately or all of them jointly, will be in full and final acquittance and discharge of the liability of all of said insurance companies."
This suit was filed in the district court of McLennan county by Mrs. Baker against the Maryland Casualty Company to enfore against said company the award rendered by the Industrial Accident Board against the Ocean Accident Guarantee Corporation Limited, and the Maryland Casualty Company. *Page 205 
Appellant filed its plea in abatement and to the jurisdiction of the court in this case, setting up the following facts: (1) That within 20 days after the rendition of the award, statutory notice of appeal was given by the Ocean Accident Guarantee Corporation, Limited, and that within 20 days after such notice suit was filed by said company, and by the Maryland Casualty Company as well, in the district court of Milam county, Tex. (the county in which the accident resulting in the death of M. A. Baker was alleged to have occurred) to set aside the said award. (2) That the said Maryland Casualty Company had likewise filed an intervening petition in the suit filed by the Ocean accident 
Guarantee Corporation, Limited. (3) That both these suits were still pending. (4) That Mrs. M. A. Baker had filed her plea in abatement and to the jurisdiction of the court in the said suit filed by the Maryland Casualty Company, but that this plea had never been acted upon. (5) That Mrs. Baker and her attorneys had filed their cross-action in the suit of the said Ocean Accident Guarantee Corporation, Limited, setting up therein their claims for compensation and attorney's fees and for a trial de novo in that suit.
Upon this predicate, the defendant pleaded: (a) That the appeal duly perfected by the said Ocean Accident Guarantee Corporation, Limited, from the board's award, operated to set aside the said award in toto and as to all parties, and that the award could not therefore constitute the subject-matter of any suit of which the court below could properly assume jurisdiction. (b) That the court could not properly assume jurisdiction of this suit until the question of jurisdiction was determined by the district court of Milam county, in which the said suit of the Maryland Casualty Company had been filed and was pending, since the court's jurisdiction of this cause depended upon the lack of jurisdiction of the district court or Milam county. (c) That, by filing their cross-action and setting up their claims for a trial de novo in the suit filed by the Ocean Accident Guarantee Corporation, Limited, in the district court of Milam county, Tex., the plaintiffs and interveners herein had submitted their said claims to the jurisdiction of that court, and had estopped themselves to sue upon the award as a liquidated demand, though they had attempted in their said cross-action to reserve a right of action against the Maryland Casualty Company upon said award.
Upon the hearing of this plea it was agreed that the facts above recited were true, though it was expressly stipulated that no notice was given by the defendant, Maryland Casualty Company, within 20 days after the rendition of the award. The said plea was overruled, and defendant duly excepted. Appellant thereupon filed its original answer, setting up the defenses presented, in substance, in its plea in abatement and to the jurisdiction, and other matters not necessary to be here stated. The court sustained special exceptions to the appellant's defenses set up, and, after overruling appellant's motion for a continuance, the court rendered judgment in favor of appellees and against appellant for the principal sum of $8,000, with $60 interest, $960 penalty, and $3,000 attorney's fees.
 Opinion.
By several assignments, appellant contends, in effect, that the award of the Industrial Accident Board made in this case had been suspended by an appeal, and that therefore this suit could not be maintained to enforce said award. The claim of appellee as presented to the board was only one claim in favor of Mrs. Baker, growing out of one accident, resulting in the death of her husband. As to whether her claim was against the Ocean Accident Guarantee Corporation, Limited, or whether it was against the Maryland Casualty Company, or both of them jointly, depended upon whether her husband, at the time he received the fatal injury, was performing services for F. D. Tuttle, who carried the Ocean Accident policy, or performing services for the Beverly Oil Syndicate, which carried a policy for the benefit of its employees in the Maryland Casualty Company, or was performing services for both of said employers at said time. So appellee, not being able to ascertain whether her claim was against the one or the other, or both of said insurance companies, properly presented same to the Industrial Accident Board against both of said insurance orders, and said board properly docketed and considered said claim as one claim against both said companies. On the hearing, the Industrial Accident Board found that the relations between F. D. Tuttle and the Beverly Oil Syndicate were so intermingled that it was impossible to determine which of said employers the deceased was actually serving, or whether he was actually serving both of them at the time said fatal injury was sustained, so said board, on August 9, 1924, entered its judgment, decree, or award in favor of appellee against both of said insurance companies, jointly and severally.
The award in this case being against the two insurers jointly and severally, under the facts above stated, did the appeal by the Ocean Accident Guarantee Corporation, Limited, operate to set aside said award or suspend same in its entirety as to all parties? It seems that our higher courts have not passed on this exact question, and it seems our Employers' Liability Act contains no provision expressly covering the question here involved. This being true, we think we should look to and be governed by the general principles of law in this state *Page 206 
applicable to appeals generally. It has been frequently held by the Courts of Civil Appeals in this state that suits to set aside awards of the Industrial Accident Board, since trials therein are required to be de novo, are similar in effect to appeals from the judgments of justices of the peace to the county court. Georgia Casualty Co. v. Griesenbeck (Tex.Civ.App.) 210 S.W. 273; Texas Employers' Ins. Ass'n v. Pierce (Tex.Civ.App.) 230 S.W. 872; Texas Employers' Ins. Ass'n v. Nunamaker, 267 S.W. 749 (writ of error denied); Texas Employers' Ins. Ass'n v. Knouff (Tex.Civ.App.) 271 S.W. 633. And it has been continuously and consistently held in this state for many years that an appeal from a judgment of a justice of the peace by one party to such judgment vacates the same as to all parties to said judgment, and brings the entire case, with all of its parties and issues, before the county court for trial de novo. Moore v. Jordan, 65 Tex. 395; Ingraham v. Rudolph,55 Tex. Civ. App. 609, 119 S.W. 906; Lasater v. Streetman (Tex.Civ.App.)154 S.W. 657; Ayers v. Smith (Tex.Civ.App.) 28 S.W. 835; M., K. T. Ry. Co. v. Mosty, 8 Tex. Civ. App. 330, 27 S.W. 1057. So it necessarily follows, we think, in this case, that the appeal duly perfected by giving the notice and filing suit within the time prescribed by article 5246 — 44, Vernon's Ann.Civ.St. Supp. 1918, by the Ocean Accident 
Guarantee Corporation, Limited, effectually vacated, or at least suspended, the award of the Industrial Accident Board, and brought the entire case, with all its parties and issues, before the district court of Milam county for final disposition by trial de novo.
In the case of Moore v. Jordan, supra, our Supreme Court, by Justice Stayton, said: "An appeal from" a "judgment, by any party against whom it" is rendered annuls said judgment as to all said parties. "This is believed to be the rule in all cases of joint judgments where, on appeal, the trial is de novo. Powell on App. Pro. 357, 373; Freeman on Judgments, 328; Curtis v. Beardsley, 15 Conn. [518] 423; Bank v. Wheeler, 28 Conn. [433] 441 [73 Am.Dec. 683]; Campbell v. Howard,5 Mass. 378." This has long been the rule of law, not only in Texas, but most, if not all, the other states. It is an important and salutary rule, intended to prevent confusion, complications, and injustice, and intended to enable the court to which such appeal is taken to have all the parties and the entire subject-matter of the suit before him — in other words, to have the entire case before him as it existed in the court below, in order that it may be tried de novo, and in order that justice might be done as to all parties at interest, Such rule of law is also in consonance with the general policy of our law to settle all matters between the same parties and between all parties as to the same subject-matter in the same suit. Skipwith v. Hurt, 94 Tex. 322,60 S.W. 423; King v. Parks, 26 Tex. Civ. App. 95, 63 S.W. 902; Craddock v. Goodwin, 54 Tex. 582; Hume v. Perry (Tex.Civ.App.) 136 S.W. 598; Story on Eq. Plead. § 76A.
It is equally important that the above rule of law be applied in appeals from awards of the Industrial Accident Board, and we think this case is a good illustration of the importance of its application. Appellee had only one claim, growing out of one transaction. She did not know and could not ascertain whether it was against the one or the other or both of said insurance companies. Under this state of facts, proper practice required her to prosecute said claim before the board, and, after appeal from the award of the board, to prosecute same in the courts against both insurance companies in one suit. But if both were required to appeal by filing suit, unless they joined by agreement, it would result in two suits in the district court, and probably more; besides, serious complications might arise and injustice be done one or more of the parties. So we think, clearly, the appeal by the Ocean Accident Guarantee Corporation, Limited, vacated, or at least suspended, the award of the board, and brought the entire case, with all of its parties and its issues, before the district court of Milam county for final disposition by trial de novo, and said award, having been thus vacated or suspended, could not be made the basis of a suit in this court for its enforcement.
The record discloses further that appellant filed its petition of intervention in the suit filed by the Ocean Accident Guarantee Corporation, Limited, in the district court of Milam county, and that appellee's attorneys intervened in said suit and that appellee herein, Mrs. Baker, and her said attorneys, as interveners in said suit in Milam county, have all filed their answer and cross-action in said suit in Milam county, setting up their claims for compensation and attorney's fees arising out of the death of M. A. Baker, and said suit, with the state of the pleadings as above stated, was pending at the time this suit was filed. We think, not only that the award was vacated or suspended, but that the district court of Milam county acquired jurisdiction of the claim on which said award was rendered, and all parties interested therein.
There are other assignments of error, but, in view of the disposition we have decided must be made of this case, it is unnecessary to consider same. We sustain all of appellant's assignments challenging the right of the trial court to entertain jurisdiction of the subject-matter of this suit, and reverse, and remand this cause, with instructions to the trial court to dismiss same. *Page 207