### GARRETT v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 11825.

Court of Civil Appeals of Texas. Dallas.
Oct. 20, 1934.

Rehearing Denied Jan. 12, 1935.

Dissenting Opinion Jan. 21, 1935.

John W. West, J. M. Willis, and J. A. Carlisle, all of Dallas, for appellant.

Seay, Malone & Lipscomb and Tarlton Stafford, all of Dallas, for appellee.

JONES, Chief Justice.

This is a workmen's compensation suit, in which appellant, C. W. Garrett, is the injured employee. Appellee, United States Fidelity & Guaranty Company, is the compensation carrier, and the Texas Company is the employer.

Appellant has duly perfected an appeal from a judgment awarding him a recovery of $513.27, as the result of a jury finding of 18 weeks' total disability, and 22 weeks of partial disability, from which there was subtracted the sum of $22.16, theretofore received by appellant. The respective weekly allowances he was entitled to, under the verdict, had already matured and interest, at the rate of 6 per cent. per annum, was allowed from the respective dates of maturity.

Appellant's claim for compensation insurance was duly filed with the Industrial Accident Board. Appellee appeared and contested the claim before such board. An award was duly made on appellant's claim, and each party served timely notice on the board of unwillingness to abide by the award, and appellant timely instituted this suit in a district court of Dallas county to set the award aside, and prayed for judgment in his favor for permanent and total disability, by reason of the injuries he alleged he received as an employee of the Texas Company, while working in the scope of his employment.

Appellee answered this suit, and duly filed its cross-action to set aside the award of the board and allow appellant nothing, pleading that appellant and appellee had mutually agreed on a settlement of appellant's claim, for the sum of $22.16, and that appellant had accepted payment of such sum, in pursuance of such agreement, and had issued to appellee a valid and binding release of any and all claims for damages growing out of the injuries on the occasion in question, and this settlement and release were duly pleaded in bar of appellant's alleged cause of action. Appellee did not allege that the settlement had been approved by the Industrial Accident Board. Appellee further pleaded that, on the occasion in question, appellant received only burns on the legs and arms, and that he had fully recovered therefrom prior to such settlement. The allegations of the answer of appellee and in its cross-action are full and complete in respect to these issues.

Appellant presented a special exception to the plea of appellee, alleging the settlement as a bar to his cause of action, on the ground that the pleading did not allege that the

settlement had received approval of the Industrial Accident Board, which special exception was overruled by the court. The allegations in appellant's petition, alleging his permanent disability, are full and complete, and show that, at the time of his injuries, appellant was in the employ of the Texas Company, working in its acid room, and that for some reason acid "splashed" from the vessel in which it was contained, severely burning him on his legs and arms, causing him suddenly to fall and strike the back of his head against some metal projection, causing a severe and permanent head and spinal injury, permanently affecting his brain, and rendering him incapable of performing any work, and that such incapacity was permanent.

The notice of the injury was prepared and sent to appellee by one McDonald, who seems to have been an emergency nurse at the Texas Company's plant. This notice mentioned only the injury on the arms and legs from acid burns, and was silent as to any head injury. The alleged settlement agreement, the payment of the $22.16, and the execution of the release by appellant antedated the filing of the claim with the Industrial Accident Board. Appellant pleaded that the alleged settlement was void, because it had not been approved by the Industrial Accident Board; also further pleaded that the receipt, releasing appellee in full from any and all injuries received on the occasion in question, was without consideration and void, and was void also because, at the time of its alleged execution, appellant was suffering from the said injury to his brain, and was thereby mentally incapacitated to comprehend the nature and effect of the instrument.

The case was tried to a jury, submitted on special issues, and a verdict, consisting of findings on the special issues, was duly returned. Those findings that are necessary to a consideration of this appeal are, in effect, that appellant sustained accidental injuries on August 31, 1931, while working as an employee of the Texas Company, and that such injuries were sustained in the course of his employment; that appellant sustained total incapacity, on or about said date, while working for the Texas Company, as a result of his injuries; that such total incapacity was not permanent, but continued for 18 weeks from August 31, 1931; that appellant sustained partial incapacity as a natural result of the injuries he received, which partial incapacity began January 5, 1932, was not permanent, but continued 22 weeks; that the partial incapacity suffered is 75 per cent.; that during the year preceding the injuries appellant's average weekly wage was $24.33; that appellant's incapacity is not directly attributable to causes independent of the injuries; that the execution and delivery by appellant of the compensation settlement received, in question, was without valuable consideration; that appellant, at the time of the execution and delivery of the said compensation settlement, did have sufficient mentality to know the nature and consequences of his acts. These findings of the jury are in response to very carefully prepared special issues, submitted by the court to the jury.

There are three questions raised by appellant that call for consideration by this court. Appellant has raised other questions by assignments of error in the brief, but, as such questions were not raised in the motion for a new trial, and the attention of the trial court was not directed to such alleged errors, none of them can be considered on this appeal. Article 2232, R. C. S.; Universal Life & Acc. Ins. Co. v. Armstrong et al. (Tex. Civ. App.) 63 S.W.(2d) 225; Houston Belt & Terminal R. Co. v. Baidone (Tex. Civ. App.) 62 S.W.(2d) 524; Commercial Cas. Ins. Co. v. Hamrick (Tex. Civ. App.) 60 S.W.(2d) 247.

Another question, that each of the findings of the jury in respect to the disability of appellant is unsupported by the evidence, in that the evidence conclusively shows total and permanent disability of appellant, will not be discussed, other than to say that, while the evidence would have supported a finding of permanent total disability, it also supports the findings made by the jury in this respect.

The two issues calling for a review are: (1) The ground in the motion for a new trial, alleging misconduct of the jury; and (2) the judgment of the court, overruling the special exception to appellant's plea in bar, based on the alleged accord and satisfaction of appellant's claim. These two issues will be discussed in the order named.

Did the trial court err in overruling appellant's motion for a new trial, because of misconduct of the jury? Appellant's allegations in his motion for a new trial, on such ground, together with the sustaining affidavits of two or three jurors, clearly present such misconduct, if sustained by competent proof, that would require the granting of a motion for a new trial. The answer of appellee to such motion, together with the sustaining affidavits of several jurors, tends to disprove appellant's alleged misconduct of

the jury. There was thus made by the pleadings, on the motion for a new trial, a clear issue of fact to be determined by the trial court. On a hearing on a motion for a new trial, on the ground of misconduct of the jury, the affidavits attached to such motion, or to the reply of the opposite party, merely constitute pleadings of the parties, and cannot be considered as evidence, unless the parties agree that they be considered as evidence. In the instant case, several jurors testified orally. Others were present at the hearing who were not called to testify, and the court announced that all affidavits on the issue of misconduct of the jury, attached to the pleadings, would be considered as evidence, and this action of the court was acquiesced in by the attorneys for the parties, so the attached affidavits thereby became evidence at the hearing on the motion.

The affidavits attached to appellant's motion for a rehearing clearly show that two or three jurors made statements that could only be construed as new evidence, and hence a statutory ground of misconduct of the jury. The affidavits of the jurors alleged to have made such statements, attached to appellee's reply, denied either the making of the alleged statements or that they had heard any other juror make such statements. The affidavits of other jurors, attached to appellee's reply, corroborated these jurors, to the extent that they declared that they had heard no such statements made during the deliberation of the jury. The oral evidence offered by appellant was in line with the attached affidavits, and the oral evidence offered by appellee was in line with its affidavits. The issue, therefore, became a question of fact for the court to determine, and, the court having determined such fact in favor of appellee, such finding is binding on this court, and is adopted as the finding of this court on the issue of misconduct of the jury.

■■ Another ground of misconduct of the jury, alleged in the motion for a new trial, is that there was sent to the jury room, at the request of the jury, all of the documentary evidence introduced at the trial, before the court on the sole question of jurisdiction, and other documents before the jury on the merits of the case. In this documentary evidence, thus received by the jury and subsequently discussed by it, was a letter from the attorney for appellant to the Industrial Accident Board, giving notice of appellant's unwillingness to abide by the board's award. There was also sent to the jury the final order of the Industrial Accident Board, introduced in evidence only to the court for the purpose of establishing jurisdiction. The jury should not have had these documents, but appellant has estopped himself from objecting to such documents being sent to the jury and from its discussion of such documents, because the court certifies that, before the documents were sent to the jury, counsel for both appellant and appellee agreed in open court that all documentary evidence could be sent to the jury. Of course, appellant is charged with knowledge that the jury had sent for such documents, for the purpose of reading and commenting upon them. Appellant cannot complain of error in this respect.

For the reasons above stated, appellant's assignments of error, as to the misconduct of the jury, are overruled.

■■ Was there error in overruling appellant's special exception to appellee's plea in bar, based on an alleged settlement in full of his claim against appellee? It is a settled rule of decision in this state that, under the Workmen's Compensation Law (Rev. St. 1925, art. 8306 et seq., as amended), no valid adjustment of the claim of an injured employee can be made between the claimant and the compensation carrier, unless such adjustment is approved by the Industrial Accident Board. Without such approval, an attempted adjustment is void, and can be repudiated by the claimant at any time, but any sum received on an unexecuted settlement must be credited on any award allowed the claimant. Indemnity Ins. Co. of North America v. Murphy (Tex. Civ. App.) 53 S.W.(2d) 503, 504; Texas Employers' Ins. Ass'n v. Knouff (Tex. Civ. App.) 271 S. W. 633, 636.

In the case of Texas Employers' Ins. Ass'n v. Knouff, supra, Chief Justice Gallagher, speaking for the Waco Court of Civil Appeals, on a similar issue, says: "A compromise agreement under the act is in the nature of an accord, and a settlement thereunder in the nature of a satisfaction thereof. The jurisdiction of the Board over such compromise agreements and settlements is specially conferred by the terms of the act, and its approval made necessary to the validity of any agreement between the parties with reference thereto. Workmen's Compensation Act, pt. 2, § 12. An accord not fully executed may be set aside or rejected by the party entitled to receive satisfaction thereof. In such cases the original right of action remains, and what has been paid or delivered is allowed in diminution of the amount claimed. 1 C. J. p. 533, §§ 21 and 23."

In the case of Indemnity Insurance Co. of North America v. Murphy, supra, Associate Justice Looney, in speaking for this court on a similar question, after quoting several pertinent provisions of the Workmen's Compensation Act, says:

"These provisions clearly indicate that the adjustment of compensation claims arising under the statute is intrusted primarily to the Industrial Accident Board, and that a claimant and the association cannot agree among themselves so as to deprive the board of its jurisdiction.

"This is no longer a debatable question, as the quoted provisions of the statute have heretofore been construed to prohibit all settlement contracts between beneficiaries and compensation insurers, unless approved by the Industrial Accident Board. See Employers' Indemnity Corp. v. Woods (Tex. Civ. App.) 230 S. W. 461; same case by Commission of Appeals, 243 S. W. 1085; also Indemnity Insurance Co., etc., v. Jones (Tex. Civ. App.) 299 S. W. 674."

It therefore clearly appears that, under the provisions of the Workmen's Compensation Law, before a settlement agreed upon by an injured claimant and a compensation carrier can be considered as executed, it must be submitted to and approved by the Industrial Accident Board, and, in the absence of such proof, such settlement has no binding effect on either party, and cannot form the basis for a plea in bar of a recovery in a cause of action by the injured employee against the compensation carrier. It follows that the court erred in overruling the special exception and in declining to strike out appellee's plea in bar.

Was the error of the court, in refusing to strike out the plea in bar, harmful?.. It is urged by appellee that it was not, for the reason that, in an issue submitted to the jury, there was a finding to the effect that appellant's release of his compensation claim, by reason of the settlement, was void, because unsupported by a consideration, and that the trial court adopted this finding, and, in the judgment rendered, treated such release as void.

We cannot agree to this contention. The main contested issue in appellant's claim against appellee was the extent of appellant's injuries, and upon this issue the evidence is in sharp conflict. Appellant had the right to have this conflicting evidence weighed by the jury, with their minds free and unincumbered by irrelevant or prejudicial matter. By rea-

son of the ruling of the court on this special exception, appellant was compelled, first, to discharge the burden of setting aside a release, which was, as a matter of law, invalid under appellee's pleading, before he could offer evidence on the only legal issue in his case. This invalid release was dignified by the submission of two special issues to the jury, in respect to its validity, and it cannot be said that, because in the end he successfully discharged such burden and secured a finding of the jury establishing its invalidity, appellant's rights were not prejudiced. The overruling of the special exception changed appellant's cause of action from that of a simple action to determine the extent of his injuries to that of a complex action requiring evidence of a different nature and a different kind and foreign to the only real issue in the case. It is our opinion that appellant's rights necessarily were injuriously affected by the ruling of the court refusing to sustain the special exception.

It necessarily follows that, because of this error, this case must be reversed and remanded, and it is so ordered.

### On Rehearing.

PER CURIAM.

Rehearing denied.

BOND, Justice (dissenting).

I am in full accord with the majority opinion, except in so far as it reverses and remands this cause on appellant's assignment of error based on the action of the trial court in overruling his special exception to the defendant's plea in bar, which presented the issue that a compensation settlement had been made with the injured employee, a sum of money had been paid to him, and he, in turn, had executed a "compensation settlement receipt," reciting that he had "Received of United States Fidelity & Guaranty Company, insurer of The Texas Company, of Houston, Texas, the sum of $22.16 which sum together with weekly payments heretofore made to me (him) makes the total sum of $22.16 in full settlement of compensation under the Texas Employers' Liability Act for all injuries sustained by (him) me on or about the 31st day of August, 1931, while in the employ of the said The Texas Company, (his) my incapacity having terminated. * * *"

It must be observed that this suit is an appeal from a final ruling and award of the Industrial Accident Board, in which the board found, among other things, "that United States Fidelity & Guaranty Company con-

fessed liability and made payments of compensation in the total sum of $22.16, in consideration of which C. W. Garrett made, executed and delivered a certain receipt to United States Fidelity & Guaranty Company and to the extent said payment discharged the liability of said United States Fidelity & Guaranty Company it is now accorded approval of the Board." In due time appellant gave the required notice that he was not willing, and did not consent to abide by said final ruling and award, and that he likewise filed suit to set aside the entire action of the board.

Article 8307, § 5, R. S. 1925, as amended by Acts 1931, c. 224, § 1 (Vernon's Ann. Civ. St. art. 8307, § 5), provides that: "All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the Board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision and said Board shall proceed no further toward the adjustment of such claim, other than hereinafter provided. Whenever such suit is brought, the rights and liabilities of the parties thereto shall be determined by the provision of this law and the suit of the injured employee or person suing on account of the death of such employee shall be against the association if the employer of such injured or deceased employee at the time of such injury or death was a subscriber as defined in this law. If the final order of the Board is against the association, then the association and not the employer shall bring suit to set aside said final ruling and decision of the Board, if it so desires, and the Court shall in either event determine the issues in such cause instead of the Board upon trial de novo and the burden of proof shall be upon the party claiming compensation. * * *"

True, the board had only approved the receipt "to the extent said payment discharged the liability of" appellee, but appellee was not thereby deprived of the right to have a court of competent jurisdiction to hear the facts and circumstances surrounding the execution and delivery of it and pass upon its validity and effect. Nor was it necessary for appellee to plead that the compensation settlement receipt had been approved by the Industrial Accident Board, when, in fact, the board had not in toto done so. In my opinion, all that was necessary to bring the question before the court for determination was a showing that the receipt had been submitted to the board, that the board had acted upon it, and that an appeal had been properly perfected from the board's final ruling thereon. This showing was made.

Furthermore, in order to establish the jurisdiction of the trial court, appellant himself was required to plead and to support such pleading by competent evidence, that proper application for compensation was made to the Industrial Accident Board, that a final award was made thereon by the board, and that notice of intention not to abide by the award had been given within twenty days from the date of the giving of such notice. Mingus v. Wadley et al., 115 Tex. 551, 285 S. W. 1084. Appellant made these necessary jurisdictional allegations in his pleading, and, in support thereof, offered in evidence the notice of injury, claim for compensation, final award of the Industrial Accident Board, and notice of his intention not to abide by such award.

In the case of Texas Employers' Ins. Ass'n v. Knouff (Tex. Civ. App.) 271 S. W. 633, 636 (writ of error refused), the court said: "Appellee was not satisfied with such ruling or decision of the Board as a whole, and brought a suit to set it aside, but sought to limit the court in the trial of such suit to consideration of so much of such order or ruling only as was unsatisfactory to her. This, in our opinion, she was not authorized to do. We think her suit to set aside said ruling or decision of the board brought the whole subject-matter of the same before the court for adjudication. Such, in fact, was the language of her petition, wherein she described the order sought to be set aside by its date alone. It has been frequently said that suits to set aside rulings or decisions of the Industrial Accident Board, since trials therein are required to be de novo, are analogous to appeals from the judgments of justices of the peace to the county court. It has been continuously and consistently held in such cases that an appeal from a judgment of the justice of the peace by one party to such judgment vacates the same, and brings the entire case, with all its parties and issues, before the county court for final disposition. Moore v. Jordan, 65 Tex. 395; Ingraham v. Rudolph, 55 Tex. Civ. App. 609, 119 S. W. 906; Lasater v. Streetman (Tex. Civ. App.) 154 S. W. 657. It therefore fol-

lows that, in our opinion, the district court not only had jurisdiction to determine whether the compromise agreement and settlement had been complied with, and whether the same was binding on appellee and conclusive of her claim for further compensation or not, but that it was necessary that such issue should be determined by the court in favor of the contention of appellee before she could be adjudged entitled to further compensation."

In the case at bar, the execution and delivery of the compensation settlement receipt clearly presented a "question arising under this law." It was "determined by the Board" in the award appealed from, approving the compensation settlement receipt only to the extent that it thereby discharged the liability of appellee, and awarded further compensation to appellant. Appellant and appellee were not satisfied with this award, and each perfected appeals therefrom, which served to bring all the questions which had been passed upon by the Industrial Accident Board before the district court for adjudication upon a trial de novo. In my opinion, the compensation settlement receipt is not subject to the particular exception levelled by appellant. It became one of the issues to be determined by the court upon trial.

Be that as it may, the error, if any, in overruling the exception, was certainly harmless. Every issue submitted to the jury, as pointed out in the majority opinion, was found in favor of appellant, even to the finding that the "compensation settlement receipt" was executed and delivered without valuable consideration, and that appellant did not have sufficient mentality to know the nature and the consequences of his act. Hence the compensation settlement, if improperly pleaded because of a failure to aver that it had been "approved" by the Industrial Accident Board, went out of the case as the result of the verdict of the jury, and not reflected in the judgment.

I am unable to understand, as the situation presents itself to this court, how the action of the trial court in overruling the exception to the alleged insufficient pleadings could possibly present reversible error. The assignment is based alone on the action of the court in overruling appellant's exception levelled at the insufficiency of appellee's plea in bar, and not what the plea actually contained, nor does the record disclose any objection made to the introduction in evidence of the compensation settlement receipt. The receipt was pleaded; it was offered in evidence; the jury found against appellee's contention; and the judgment disclaims the issue. Therefore the error, if any, in overruling the exception, is clearly without prejudice; the verdict of the jury and the judgment being in favor of the party excepting. Salmons v. Thomas, 25 Tex. Civ. App. 422, 62 S. W. 102; Young v. State Bank, 54 Tex. Civ. App. 206, 117 S. W. 476; McKneely v. Beatty (Tex. Civ. App.) 161 S. W. 18; Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822, 824. In the last-cited case the Supreme Court said: "The office of a special exception is to require the plaintiff to state more fully, clearly, or specifically the facts on which he relies, in order that the defendant may prepare his evidence and guard against surprise. The improper overruling of a special exception may or may not result prejudicially, and we think the burden of showing prejudice is cast by rule 62a upon the appellant. If there is no objection to improper evidence, and no showing that defendant was surprised or prevented from presenting his evidence, or otherwise injured by the improper ruling, we think the requirements of rule 62a have not been met, and the error must be deemed harmless."

Again, should it be held that the compensation settlement receipt was not admissible for the purpose of showing a settlement in bar of appellant's recovery, it was still admissible, in my opinion, both as an admission against interest and diminution of damages. Appellant made no objection whatever to its admission, and never at any time requested that it be admitted for limited purposes only.

It is a general rule in this state that a party may not, in a Court of Civil Appeals, urge objections which were not called to the attention of the trial court, and which were not ruled on, unless the error is one apparent upon the face of the record. Moreover, as stated in 3 Tex. Jur. § 129: "If proffered testimony is admissible with respect to any existent issue, it may not rightly be excluded because it is not admissible on all the issues; the objecting party must, at the time of admission, or later by special charge or motion, request its limitation. Thus if a party desires that certain testimony shall be limited merely to impeachment purposes it is his duty so to request at the time of its admission or later by motion or charge. In the absence of such a request he may not complain on appeal that the trial court was not more vigilant on his behalf than he was. (Citing: Blum Milling Company v. Moore-Seaver Grain Co. (Tex. Com. App.) 277 S.

W. 78; Shumard v. Johnson, 66 Tex. 70, 17 S. W. 398; Burrell Engineering & Construction Co. v. Grisier, 111 Tex. 477, 240 S. W. 899; Massie v. Hutchison, 110 Tex. 558, 222 S. W. 962; Behringer v. South Plains Coaches (Tex. Com. App.) 13 S.W.(2d) 334."

I cannot conceive of any reason why the compensation settlement receipt reciting that, at the time it was executed, the injured party had fully recovered from his injury, was not admissible in evidence, in the light of the conflicting testimony raising that exact question. Indeed, pertinent testimony was offered in evidence that Garrett was not disabled by the injuries he sustained, and that his claim was simply a case of hysteria, or of willful malingering. On this issue, the declaration of the injured claimant, reciting in the receipt that "my incapacity having terminated," clearly supports the issue, and was admissible as a declaration against interest, and again, in the absence of objection to its introduction, clearly presents no reversible error.

*Appellee's motion for rehearing should be sustained and the judgment of the lower court affirmed. I respectfully register my dissent.*