## SOUTHERN CASUALTY CO. v. FULKERSON et al.

### No. 1516—5819.

Commission of Appeals of Texas, Section A.

Jan. 6, 1932.

Levy & Evans and Thompson & Barwise. all of Fort Worth, for plaintiffs in error.

Ernest May, of Fort Worth, and Caldwell, Gillen, Francis & Gallagher, of Dallas, for defendant in error.

CRITZ, J.

This is a suit arising under the Workmen's Compensation Law of this state (Rev. St. 1925, art. 8306 et seq., as amended). J. A. Fulkerson was an employee of Dallas Transportation Company, who is alleged to be insured by Southern Casualty Company and Century Indemnity Company. Fulkerson received an injury alleged to be hernia while in the discharge of his duties to his employer. He filed claim with the Industrial Accident Board against Southern Casualty Company and Century Indemnity Company alleging that they were coinsurers under the Workmen's Compensation Act of this state. The board rendered its decision in which it found in favor of Fulkerson against Southern Casualty Company, but in favor of Century Indemnity Company. Within twenty days the Southern Casualty Company gave the proper notice that it would not abide the ruling of the Accident Board and within twenty days thereafter filed suit in the district court of Tarrant county, Tex., against Fulkerson and the alleged coinsurer, Century Indemnity Company, to set aside the board's award.

On the filing of the above suit, Fulkerson filed his pleadings in which he alleged that both Southern Casualty Company and the Century Indemnity Company were his coinsurers under the Workmen's Compensation Act, and sought to recover against both said alleged insurers, jointly and severally, for

disability under the provisions of the Compensation Act.

The Century Indemnity Company filed answer in which it demurred generally to the petition of the Southern Casualty Company and to the pleadings of Fulkerson. The trial court overruled all demurrers of Century Indemnity Company and proceeded to try the case on its merits as between all parties.

The case was submitted to a jury on special issues, and, based on the findings of the jury, the court rendered a joint and several judgment in favor of Fulkerson and against both alleged insurers for the sum of $5,618.49, with 6 per cent. interest from the date of judgment. Both alleged insurers separately and in due form prosecuted an appeal to the Court of Civil Appeals at Fort Worth, which court reversed the judgment of the trial court as to both insurers, and remanded the cause as to the Southern Casualty Company for a new trial, but rendered the judgment in favor of the Century Indemnity Company on the ground that the trial court should have sustained its general demurrers. 30 S.W.(2d) 911. Both Fulkerson and Southern Casualty Company bring error.

■ We shall first consider the assignments of error of both Fulkerson and Southern Casualty Company which attack the rulings of the Court of Civil Appeals with reference to Century Indemnity Company.

As we understand the opinion of the Court of Civil Appeals, it holds, in effect, that no recovery could be had as against Century Indemnity Company in this suit because:

(a) The appeal prosecuted by Southern Casualty Company from the final ruling and decision of the Industrial Accident Board did not operate to appeal the cause Fulkerson was asserting before the board against Century Indemnity Company.

(b) The pleadings of Southern Casualty Company set up no independent cause of action in its favor against Century Indemnity Company.

A decision of the above ruling requires a proper construction of section 5 of article 8307, R. C. S. 1925, as amended by chapter 223, page 328, Acts 40th Legislature, in force at the times here involved. The act is as follows: "All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition of said final ruling and decision by said board file with said board notice that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring

suit in the county where the injury occurred to set aside said final ruling and decision and said board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided. Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this law and the suit of the injured employee or person suing on account of the death of such employee shall be against the association if the employer of such injured or deceased employee at the time of such injury or death was a subscriber as defined in this law. If the final order of the board is against the association, then the association and not the employer shall bring suit to set aside said final ruling and decision of the board if it so desires, and the court shall in either event determine the issues in such cause instead of the board upon trial de novo and the burden of proof shall be upon the party claiming compensation. In case of recovery the same shall not exceed the maximum compensation allowed under the provisions of this law. If any party to any such final ruling and decision of the board, after having given notice as above provided, fails within said twenty days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto, and, if the same is against the association, it shall at once comply with such final ruling and decision, and failing to do so the board shall certify that fact to the Commissioner of Insurance and such certificate shall be sufficient cause to justify said Commissioner to revoke or forfeit the license or permit of such association to do business in Texas."

We think under the plain provisions of the above statute, when Southern Casualty Company gave notice to the board that it would not abide by its final ruling and decisions, and thereafter, within the time required by law, and in the manner provided by law, filed a suit in the proper court against the claimant, and against the alleged coinsurer, Century Indemnity Company, which was followed by Fulkerson filing his petition and cross-action against both alleged insurers, that the award, rulings, and decision of the Accident Board was completely vacated and set aside as to all parties, and all issues, and all parties, and all issues were brought before the district court for a trial de novo.

In this connection we call attention to the fact that the claimant made his claim before the board against both alleged insurers. The board awarded compensation against one of them, but denied it as to the other. The insurer who lost, in the manner and within the time required by law, invoked the jurisdiction of the district court over the entire case and such petition contained all the allegations required by statute.

We think that when the above-quoted stat-

ute is properly analysed and construed there is no escape from the above conclusion. The statute expressly provides that any interested party who is not willing to abide the decision of the board has the right to bring suit to set aside the board's award. Certainly the Southern Casualty Company was an interested party, as the award was sought and obtained against it. The statute permits any interested party to bring the entire case before the court.

The statute in question then in plain and explicit language provides how the court shall proceed to determine the issues. It provides "if the final order of the board is against the association, then the association and not the employer shall bring suit to set aside said final ruling and decision of the board if it so desires, and the court shall in either event determine the issues in such cause instead of the board upon trial de novo and the burden of proof shall be upon the party claiming compensation." The legal effect of the institution of a suit by any interested party in a court of competent jurisdiction against all other parties before the board is to oust the board of any further jurisdiction over the case and to vest the court with jurisdiction over all parties and issues involved.

As further proof that it is the evident and plain purpose and intent of the statute to confer jurisdiction on the court to hear and determine the entire case, both as to issues and parties, when one interested party appeals from the board to the court it will be noted that the statute further provides:

(a) "Said Board shall proceed no further toward the adjudgment of such claim."

(b) "Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this law."

(c) "The court shall in either event determine the issues in such cause instead of the board upon trial de novo."

The three provisions above quoted demonstrate that it is the purpose of the statute above quoted to allow any party interested, who has been brought under the jurisdiction of the board, to carry the entire case to the court, and to vest the court with power to take up the litigation of the several parties and try the cause just as fully and completely as though the suit had begun in such court in the first instance.

■ As to the ruling that the appeal of Southern Casualty Company did not operate to bring the Century Indemnity Company before the court because the former company, in its original petition, asserted no independent cause of action against the latter company, cannot be sustained because this is a purely statutory action and all that is necessary to confer jurisdiction on the court over all parties and issues originally brought before the board is for one of the interested parties over whom the board had jurisdiction to bring the cause of action before the court in the manner and within the time required by the act. This the Southern Casualty Company did. When the cause was duly brought before the court, the burden was on claimant to plead and prove his asserted cause of action against the alleged coinsurers just as he would have had to do if the court had had jurisdiction to begin with.

In connection with the above, we wish to call attention to the opinion of the Court of Civil Appeals at Waco in the case of Maryland Casualty Company v. Baker et al., 277 S. W. 204, in which the exact question here discussed was discussed and disposed of in the same manner we are here disposing of it. We approve both the holding and the reasoning of that opinion on the question here involved.

■ This brings us to consideration of that part of the opinion of the Court of Civil Appeals which holds that the judgment cannot be sustained against either insurer because the court failed to submit to the jury the issue as to whether the operation performed on claimant for hernia was successful.

It is provided in section 12b of article 8306, R. C. S. 1925, that where the claim is for hernia resulting from injury, if the employee submits to an operation, and the operation is successful, he shall, in addition to the surgical benefits provided, be entitled to compensation for 26 weeks from the date of the operation. If the operation is not successful and does not result in death the injury is compensable as a general injury. In other words, if the operation is successful the injury becomes a specific injury. If the operation is unsuccessful it is a general injury. In the case at bar Fulkerson consented to and had an operation for hernia, and the issue as to whether the operation was successful or not was sharply contested.

From what we have said it is obvious that if the jury had found that the operation was successful Fulkerson's claim for compensation would have been for a specific injury and for only 26 weeks. On the other hand, if the jury found the operation was not successful the compensation would be for a general injury. The court allowed compensation for a general injury.

The issue as to whether the operation was successful was not directly submitted to the jury in so many words, and the Court of Civil Appeals holds that the failure to do so is fatal to the judgment because the issue as to whether the injury was specific or general was a main and not a subsidiary issue, and therefore under the rule announced

in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W. (2d) 1084, there is no basis in the verdict for the judgment. We agree with the Court of Civil Appeals that the rule is now well established in this state that in order to sustain a judgment based on a jury verdict there must be a jury finding on the main ground of recovery alleged, but we think in the instant case the verdict of the jury taken as a whole amounts to a clear and unmistakable finding that the operation was not successful.

With reference to the above matter, the jury found in answer to relevant questions propounded to them by the court:

(a) That Fulkerson received an injury to his body that resulted in hernia;

(b) That the injury was received during the course of his employment;

(c) That the hernia appeared suddenly and immediately following the injury;

(d) That the injury was then accompanied by pain;

(e) That hernia did not exist in any degree prior to the injury;

(f) That Fulkerson has been totally disabled to perform labor on account of the injury;

(g) That the total disability that the defendant suffered on account of the injury is permanent.

The claimant pleaded facts which showed his injury resulted in a hernia, and furthermore the evidence fully sustained all the above findings. The claimant also pleaded that he had been operated for the hernia and that the operation was unsuccessful and that he was totally and permanently disabled from the hernia.

The verdict of the jury certainly finds that the claimant sustained a hernia as the result of an injury received in the course of his employment. The undisputed testimony shows that four days after the injury was received he was operated on for such hernia. At a trial nearly a year later the jury found on ample evidence that the claimant was permanently and totally disabled from performing labor "on account of said injury." The jury had already found that the injury was a hernia. Certainly such a finding was sufficient to constitute a finding that the operation was not a success. When the jury found that the hernia appeared suddenly and immediately following the injury and that such hernia did not exist in any degree prior to injury, they certainly found that the injury was a hernia, and when these findings were followed by a further finding that the claimant has been totally and permanently disabled from performing any labor on account of the injury, they certainly found that he was totally and permanently disabled on account of the hernia and such a finding

amounts to a finding that the operation was unsuccessful.

Of course, the insurers had the right to have the jury make a direct and specific finding as to whether the operation was or was not successful, had they properly and seasonably requested such an issue or properly and seasonably excepted to the charge as given on the ground that it failed to directly and specifically submit such issue. The record shows that they did neither, and they will not now be heard to object to the charge as to a matter of form only.

Finally, in connection with the above, we do not wish to be understood as holding that the question as to whether the operation was or was not successful, was a main, or principal ground of recovery within the rule announced in Ormsby v. Ratcliffe, supra. In the condition of this record, it is not necessary to pass on that question. What we do hold is that should it be conceded that the question presents a main issue, still no error is shown because the issue was submitted to the jury and found in favor of the claimant.

The rulings we have made on the issues discussed make it necessary for us to examine the briefs of the two insurers to ascertain if they present any other assignment which would sustain the judgment of the Court of Civil Appeals.

The Century Indemnity Company assigns error on the part of the district court on the ground that there is no evidence in the record to show that it was an insurer of Dallas Transportation Company under the Workmen's Compensation Law so as to make it liable in the instant suit. An assignment that there is no evidence raises an issue of law and not of fact. It follows that the Supreme Court has jurisdiction to pass on this assignment. Hall Music Co. v. Robertson, 117 Tex. 261, 1 S.W.(2d) 857 (Com. App. Op. adopted). We have carefully examined the testimony of this question, and in our opinion it is sufficient in law to sustain the finding of the jury that Dallas Transportation Company carried its compensation insurance for the protection of its employees in both Southern Casualty Company and Century Indemnity Company.

We have carefully examined all other assignments contained in the briefs of the two appellant insurers, and in our opinion no errors are presented which ought to disturb the judgment of the trial court.

We recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the trial court affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.