## ASSOCIATED INDEMNITY CORPORATION v. PEEL.

### No. 11035.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 12, 1941.

Rehearing Denied Jan. 7, 1942.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellant.

C. Burtt Potter, of Sinton, for appellee.

SMITH, Chief Justice.

On a date apparently not disclosed in the briefs, J. L. Gibbens was accidentally killed in the course of his employment by a subscriber under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., Associated Indemnity Corporation being the insurance carrier. The legal beneficiaries of Gibbens filed their claim with the Industrial Accident Board for statutory compensation. Upon an award by the Board in favor of the claimants the insurance carrier duly appealed to the District Court of San Patricio County, where a like award was made, and the insurance carrier paid off the award, which was in full for all the compensation allowable under the Act. That judgment became final, there being no appeal therefrom.

At about the time the beneficiaries filed their claim with the Board, appellee, David T. Peel, also filed with the Board his claim for $250 for expenses incurred in the funeral of the deceased employee, which claim had been assigned to him by the widow of the decedent, who was one of the beneficiaries, with notice thereof to the insurance carrier. It appears, however, that Peel took no steps to prosecute his claim before the Board. As a consequence the Board made no affirmative disposition of it in adjudicating the claim of the beneficiaries. Nor did Peel pursue his claim into the District Court on the insurance company's appeal from the Board's award, by filing a cross-action setting up his claim therein; wherefore the District Court, perforce, did not adjudicate Peel's claim. Having been abandoned by his failure to prosecute it, Peel's claim still languished in the file of the Board.

The claim of the beneficiaries was adjudicated by final judgment in the District Court and fully paid off by the insurance company, in June, 1940. We quote from appellant's brief:

"On September 23, 1940, after the aforesaid final judgment was duly entered in said Cause No. 5329, the attorney for appellee in this cause wrote the Board relative to the claim of appellee and on September 26th, the secretary of the Board advised appellee's attorney that, since the case had been settled in the district court, the Board had no jurisdiction in the matter and that it was the Board's opinion that appellant was not liable and that appellee's only recourse was to collect the amount of his funeral bill from Mrs. Gibbens directly.

"Upon receiving the foregoing advices appellee's attorney again wrote the Board relative to the matter and on October 3, 1940, the Board formally notified appellant that the claim of appellee in Cause No. 'z-9931' in re: 'Jimmie Leon Gibbens, deceased, v. Cluiss Machine Shop, employer, Associated Indemnity Corporation, insurer' was set for hearing on October 8, 1940, and on October 10, 1940, the Board made a purported award in Cause No. z-9931, whereby it is recited as follows:

"'That bill of David T. Peel in the sum of $250 for funeral expense is just, fair, reasonable and is approved and allowed. Therefore, Associated Indemnity Corporation is ordered to pay David T. Peel $250 in final settlement and discharge of said bill.'"

The Insurance Company appealed to the County Court of San Patricio County from the foregoing award, and upon a trial there Peel recovered the amount of his claim, by way of cross-action, and the Insurance Company has appealed.

Appellant contested appellee's claim before the Board and in the County Court on the ground that neither the Board nor the Court had any jurisdiction of the claim for the stated reason that it had been filed with, but impliedly denied by the Board, and not prosecuted by cross-action on appellant's appeal to the District Court, which appeal had the effect of depriving the Board of further jurisdiction over the claim.

When appellee filed his claim with the Industrial Accident Board he was required to take notice of all further proceedings before that body, like unto the diligence exacted of a party filing a suit in a court.

Appellee's claim, being for expenses incurred in the burial of the employee, was incidental to the principal claim of the beneficiaries for compensation for the accidental death of the employee. 45 Tex.Jur. p. 678, § 224.

When the Board adjudicated the claim of the beneficiaries without affirmatively disposing of appellee's incidental claim, the effect was a denial of that claim.

When the insurance carrier appealed to the District Court from the award made by the Board on the principal claim, such appeal had the effect of depriving the Board of all jurisdiction of the principal as well as incidental claims, and of transferring to the District Court appellee's claim and all other matters which could have been adjudicated by the Board, whether affirma-

tively disposed of therein or not. Maryland Cas. Co. v. Moore, Tex.Civ.App., 74 S.W.2d 769, affirmed 129 Tex. 174, 102 S.W.2d 1118; Texas Employers' Ins. Ass'n v. Bradshaw, Tex.Civ.App., 27 S.W.2d 314, writ refused.

Appellee's remedy in such case was to exercise his privilege to assert his claim by way of cross-action in appellant's appeal in the District Court. 45 Tex.Jur. p. 767, § 277.

The Industrial Accident Board having denied appellee's claim, by implication, its jurisdiction thereover was exhausted, and appellee having failed to prosecute his claim in the District Court, while it had jurisdiction thereover on appeal, appellee was thereby cut off from renewing his claim before the Board, whose jurisdiction thereover had been previously invoked by him and exhausted.

The Board being without jurisdiction to revive the claim, the County Court was likewise without jurisdiction to entertain an appeal from the Board's award thereon, and the County Court being without jurisdiction, this Court has none.

The judgment of the County Court is accordingly reversed and the cause, including appellee's cross-action in the County Court, is dismissed, at appellee's cost.