**338**

Burford, Ryburn & Ford and Robert E. Burns, Dallas, for appellant.

McKool & Bader, Dallas, for appellee.

DIXON, Chief Justice.

This is a suit against Texas Employers Insurance Association to enforce an award of $261.50 made by the Industrial Accident Board of the State of Texas in favor of Jackson Clinic for medical services rendered to an employee who had sustained accidental injuries. The suit was brought by John W. Nitcholas, the injured employee, who had taken an assignment of the claim from Jackson Clinic.

**TEXAS EMPLOYERS INS. ASS'N,**
**Appellant,**

v.

**John W. NITCHOLAS, Appellee.**

**No. 15512.**

Court of Civil Appeals of Texas.

Dallas.

Sept. 25, 1959.

Rehearing Denied Oct. 23, 1959.

It should be noted at the outset that this is not a suit by a dissatisfied party filed pursuant to Art. 8307, Sec. 5, Vernon's Ann.Civ.St. within 20 days after the Board's award to set aside the award. It is a suit filed more than seven months after the date of the Board's award to mature and enforce part of the Board's

award on the ground that the part of the award in dispute had become final and enforceable by court action.

On December 14, 1956 John W. Nitcholas sustained accidental injuries in the course of his employment with Berry Bros. Machinery Company. Appellant was the workmen's compensation insurance carrier for the Company.

On March 7, 1957 the claim of Nitcholas was filed and docketed with the Industrial Accident Board. Jackson Clinic filed its claim for medical services rendered to Nitcholas. The two claims were consolidated and docketed by the Board under the same number, No. R–11478.

On May 2, 1957 the Board in one award allowed compensation benefits in favor of Nitcholas and medical expenses in favor of Jackson Clinic. Nitcholas was awarded $25 per week for 30 weeks beginning December 15, 1956. Jackson Clinic was awarded $261.50 for medical services. This was less than the amount for which Jackson Clinic filed claim. The Board found that amounts in excess of $261.50 were not incurred within the statutory period, so were not allowable.

On May 7, 1957 Nitcholas gave notice of appeal from the Board's award. . On May 9, 1957 he filed suit to set aside the award, naming only Texas Employers Insurance Association as defendant. Jackson Clinic was not named as a defendant nor mentioned in the pleadings of Nitcholas, nor was there any reference in the pleadings of the Board's award in favor of Jackson Clinic.

Jackson Clinic, though notified of the appeal by Nitcholas, did not intervene, or any way become a party to the de novo suit on appeal filed by Nitcholas, or file a separate suit by way of appeal.

On October 30, 1957 the suit of Nitcholas was settled for $4,000. In the course of the settlement negotiations with Nitcholas the Association declined to pay the bill of Jackson Clinic. The judgment approving the settlement in the Nitcholas case recites that said judgment is without prejudice to further prosecution of the claim of Jackson Clinic.

On November 20, 1957 appellee John W. Nitcholas acquired by assignment the rights of Jackson Clinic and on December 23, 1957 filed this suit to mature and enforce the part of the Board's award in favor of Jackson Clinic.

On July 2, 1958 judgment was awarded to appellee against Texas Employers Insurance Association for $261.50 plus $150 as attorneys fees, and 12% penalty in the sum of $31.38, making a total principal amount of $442.88. It is stipulated by the parties to this appeal that a bona fide dispute had existed as to whether the Association was obligated to pay for medical services rendered by Jackson Clinic to John W. Nitcholas.

Appellant's brief presents three points on appeal. It is alleged that the trial court erred (1) in overruling appellant's contention that the appeal by one interested party from the award of the Industrial Accident Board brought all the parties and issues before the District Court; (2) in holding that the portion of the award in favor of Jackson Clinic was still in force and effect and had become final; and (3) in entering judgment in favor of appellee and against appellant when the undisputed facts showed conclusively that appellee was not entitled to any recovery under the law of this State.

■ We agree with appellant. In one action, No. R–11478, and one award on May 2, 1957 the Industrial Accident Board disposed of two related claims and the two parties who filed them. The appeal of John W. Nitcholas from this award had the effect of setting aside the award in its entirety as to both claims and both parties. When Nitcholas perfected his appeal by filing his suit in District Court, the award of the Board was vacated as to both Nitcholas and Jackson Clinic. The effect of the appeal by Nitcholas was to give

the District Court jurisdiction of all parties to the award. The burden was then on Jackson Clinic as well as Nitcholas to prosecute its claim to judgment in the District Court. By failing to do so Jackson Clinic in effect waived its claim. Associated Indemnity Corp. v. Peel, Tex.Civ. App., 157 S.W.2d 416; Southern Casualty Co. v. Fulkerson, Tex.Com.App., 45 S.W.2d 152; Texas Employers Ins. Ass'n v. Bradshaw, Tex.Civ.App., 27 S.W.2d 314; Maryland Casualty Co. v. Baker, Tex.Civ.App., 277 S.W. 204; Holveck v. Phoenix Indemnity Co, D.C., 101 F.Supp. 537; Kane v. National Surety Corp., D.C., 94 F.Supp. 605. Cases presenting a different fact situation but which illustrate the effect of the filing of an appeal from the Board's award are Zurich General Accident & Liability Ins. Co., Ltd. v. Rodgers, 128 Tex. 313, 97 S.W.2d 674; and Texas Reciprocal Ins. Ass'n v. Leger, 128 Tex. 319, 97 S.W.2d 677.

Appellee relies on the holding in Maryland Casualty Co. v. Hendrick Memorial Hospital, 141 Tex. 23, 169 S.W.2d 969, but the holding there is not in point here. The above cited case, unlike the present case, involved an appeal filed within 20 days as required by Art. 8307, Sec. 5, after an order was entered by the Board, the purpose of the suit being to set aside the Board's order. The Hendrick Memorial Hospital had filed a claim for medical services rendered an injured employee. Its claim was filed with the Industrial Accident Board separately and apart from the claim filed by the injured employee. The two claims were not consolidated. Two separate awards were made. The claim of the Hospital was denied. This order was entered in an action which was separate and subsequent to the action and the award made to the injured employee. Within 20 days after the order was entered denying the Hospital's claim, the Hospital filed its appeal to set aside the order and to obtain judgment for its claim. The Casualty Company contended that the appeal of the injured employee was conclusive of the Hospital's right to perfect a separate appeal. The Commission of Appeals in an opinion approved by the Supreme Court answered certified questions to the effect that (1) the hospital and doctors had a direct cause of action against the insurer under the Workmen's Compensation Act, and (2) had such right of a direct action regardless of the outcome of the injured employee's separate suit against the insurer.

The material differences in the Hendrick Memorial Hospital case and this case are easily seen. In the Hendrick Memorial Hospital case the hospital was not a party to the action or the award by the Industrial Accident Board in favor of the injured employee. The employee and the Casualty Company were the only parties to that action. The Hospital's claim was filed and docketed as a separate action and its claim denied in a later and separate order. Plainly the appeal by the injured employee could not give the District Court jurisdiction of a person who was not a party to the action or the award in which the claim of the injured employee was allowed by the Board.

Moreover the Hendrick Memorial Hospital case did not involve a suit like the one now before us, a suit filed more than seven months after an award was made by the Board, the purpose of which suit was to mature and enforce part of an award. As already pointed out, the Hendrick Memorial Hospital case was an appeal to set aside the Board's order, which appeal was an appeal filed within 20 days after the date of the Board's order.

Appellant's three points on appeal are sustained.

The judgment of the trial court is reversed and judgment is here rendered that appellee Nitcholas, as assignee, take nothing in his suit against Texas Employers Insurance Association.