**INDUSTRIAL ACCIDENT BOARD of the State of Texas, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 10809.

Court of Civil Appeals of Texas.

Austin.

Jan. 4, 1961.

Rehearing Denied Jan. 25, 1961.

Will Wilson, Atty. Gen., Lawrence Hargrove, Asst. Atty. Gen., for appellant.

Turpin, Kerr, Smith & Dyer, Max N. Osborn, Midland, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment sustaining appellee's plea to the jurisdiction in a suit to enforce an award of appellant.

On September 5, 1957, Salbino Maldonado, while covered by a Workmen's Compensation Insurance policy issued by appellee, was killed while in the course and scope of his employment. Within six months Candelaria Anzalduz and Miguel Maldonado, claiming to be a surviving sister and brother, filed a claim for death benefits with the Industrial Accident Board. On July 8, 1958, the Board entered its final decision finding that the deccased workman did not leave any legal beneficiaries as provided by the Workmen's Compensation Laws, denied the claim for death benefits and ordered appellee to pay $3,000 to the Second Injury Fund.

Within twenty days after the Board's order, the alleged heirs, through their attorneys, gave notice of intention to appeal from the Board's award. The brother and sister timely filed their suit against appellee in the District Court of Andrews County where the suit is still pending.

The Industrial Accident Board entered its final ruling on July 8, 1958, holding that Maldonado, the deceased employee, died without beneficiaries entitled to receive compensation under the Act and directed the insurer to pay $3,000 to be deposited in the Second Injury Fund. None of the parties except the claimants gave notice of appeal and on August 6, 1958, filed their suit against the insurer alone in the District Court of Andrews County, the county of the

injury, to set the award aside. Neither the Second Injury Fund nor the Industrial Accident Board was made a party and neither intervened.

Texas Employers' Insurance Association, the insurer, failed and refused to pay the $3,000, and on October 17, 1958 this suit was filed. The defendant, insurer, filed its Plea to the Jurisdiction which was sustained, and the appeal is from this judgment on the grounds that the Trial Court erred in sustaining the plea.

Appellant contends that the jurisdiction over a suit by the Industrial Accident Board to enforce an award of the Board is in the District Court of Travis County, by the provisions of Article 8307, Section 5a of the Workmen's Compensation Law.

Appellee's position is that the primary question is whether one party perfecting its appeal has the effect of bringing all issues and parties before the District Court where the case is filed, or whether the award becomes final as to a party which does not appeal, and say that an appeal by any party has the effect of bringing all issues and parties before the District Court and amounts to an annulment or suspension of the Board's award.

In Maryland Casualty Co. v. Baker, Tex. Civ.App., 277 S.W. 204, 205, er. ref., a plea to the jurisdiction had been filed in a suit in which the question was by which of two companies the deceased was employed. Claim was filed against the carrier for each company and the Board made a joint and general award against the carriers. One of the companies perfected its appeal from the Board's award, the other carrier did not appeal, and the claimant filed suit to enforce the award. The court held:

"The award in this case being against the two insurers jointly and severally, under the facts above stated, did the appeal by the Ocean Accident & Guarantee Corporation, Limited, operate to set aside said award or suspend same in its entirety as to all parties? * * *

we think, in this case, that the appeal duly perfected by giving the notice and filing suit within the time prescribed * * * by the Ocean Accident & Guarantee Corporation, Limited, effectually vacated, or at least suspended, the award of the Industrial Accident Board, and brought the entire case, with all its parties and issues, before the district court of Milam county for final disposition by trial de novo."

In Southern Casualty Co. v. Fulkerson, Tex.Com.App., 45 S.W.2d 152, 155, it is held:

"The legal effect of the institution of a suit by any interested party in a court of competent jurisdiction against all other parties before the board is to oust the board of any further jurisdiction over the case and to vest the court with jurisdiction over all parties and issues involved."

Associated Indemnity Corporation v. Peel, Tex.Civ.App., 157 S.W.2d 416, er. dism.

The most recent case is Texas Employers' Ins. Ass'n v. Nitcholas, Tex.Civ.App., 328 S.W.2d 338.

We believe and conclude that the notice of appeal by the alleged claimants and the institution of the suit in the District Court of Andrews County, Texas, had the effect of bringing all issues and parties before that court, and amounted to an annulment or suspension of the Board's award, and if appellee is successful in defeating the claim of the alleged beneficiaries then the Second Injury Fund would be entitled to a recovery.

In the case of Texas Employers' Ins. Ass'n v. Elder, 155 Tex. 27, 282 S.W.2d 371, the Supreme Court discusses remedies available to the Industrial Accident Board in instances where it had been determined that there were no legal claimants or beneficiaries of a deceased employee.

The appeal having been timely made and a suit filed in the District Court of Andrews

County, that Court acquired jurisdiction to determine whether or not the plaintiffs therein are in fact the legal beneficiaries and proper claimants of the deceased employee.

The judgment of the Trial Court is affirmed.

Affirmed.