

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 17, 1961

Mr. J. Overby Smith, Chairman
Industrial Accident Board
Austin, Texas

Opinion No. WW-1059

Re: Whether the Industrial Acci-
dent Board has jurisdiction
to consider the cost or ex-
pense of medical aid, etc.,
Dear Mr. Smith:                under the facts stated.

In your letter of recent date you requested the
opinion of this office regarding whether or not the
Industrial Accident Board has jurisdiction to consider the
cost or expense of medical aid, hospital services, nursing,
chiropractic services, medicines or prosthetic appliances
(hereinafter referred to as "medical services") under the
stated circumstances, in view of Section 5, Article 8307,
Vernon's Civil Statutes, as amended by House Bill 433, Acts
of the 55th Legislature, Regular Session, 1957, Chapter 397,
Page 1186, Section 2.

You stated the facts as follows:

"In claim number T-13819, the claimant alleged
injuries occurring on December 22, 1958.  On
September 7, 1960, the Board entered the first
final award of this Board which found the
claim to be compensable under the Act.  The
award ordered payment of compensation benefits
and approved and ordered paid the cost and ex-
pense of various medical aid, hospital services,
nursing, medicines and other items of expense
presented to the Board.

"This award was timely appealed and a suit to
set aside the award was timely filed in a
District Court of competent jurisdiction.  The
claim was then tried 'de novo' before a jury
and the first final judgment was entered by
the court on February 10, 1961.  This judgment

also found the claim to be compensable and
ordered compensation benefits paid.  The judg-
ment also allowed and ordered paid each of the
medical and hospital expenses which had
been previously allowed by the Board's
award as entered on September 7, 1960.
The judgment, however, made no reference
to certain hospital and medical expenses
incurred by the claimant during the period
from September 7, 1960 and the date the
judgment was entered, February 10, 1961.
On February 27, 1961 the claimant submitted
to the Board for consideration certain medi-
cal and hospital expenses incurred and
accrued between the period of September 7,
1960 and February 10, 1961.  The claimant
requested the Board to consider the liabil-
ity of the insurance company for these
incurred expenses."

The amendatory paragraph added to Section 5 by
House Bill 433, reads as follows:

"Notwithstanding any other provision
of this law, as amended, no award of the
Board, and no judgment of the court, having
jurisdiction of a claim against the associa-
tion for the cost or expense of items of
medical aid, hospital services, nursing,
chiropractic services, medicines or prosthetic
appliances furnished to an employee under cir-
cumstances creating a liability therefor on
the part of the association under the provisions
of this law, shall include in such award or
judgment any cost or expense of any such items
not actually furnished to and received by the
employee prior to the date of said award or
judgment.  The first such final award or judg-
ment rendered on such claim shall be res judi-
cata of the liability of the association for
all such cost or expense which could have been
claimed up to the date of said award or judg-
ment and of the issue that the injury of said
employee is subject to the provisions of this
law with respect to such items, but shall not
be res judicata of the obligation of the
association to furnish or pay for any such
items after the date of said award or judgment.

> After the first such final award or judgment,
> the Board shall have continuing jurisdiction
> in the same case to render successive awards to
> determine the liability of the association
> for the cost or expense of any such items
> actually furnished to and received by said
> employee not more than six (6) months prior
> to the date of each such successive award,
> until the association shall have fully dis-
> charged its obligation under this law to
> furnish all such medical aid, hospital ser-
> vices, nursing, chiropractic services,
> medicines or prosthetic appliances to which
> said employee may be entitled; provided,
> each such successive award of the Board shall
> be subject to a suit to set aside said award
> by a court of competent jurisdiction, in the
> same manner as provided in the case of other
> awards under this law."

You asked the following questions which we have rephrased:

> 1.  Does the Board have jurisdiction
> to consider the cost or expense of medical
> services furnished to and received by the
> workman when such costs or expenses were in-
> curred during the intervening period between
> the date of the Board's first final award
> and the date judgment was entered by the
> Court?

> 2.  Does the fact that the Court's
> judgment does not refer to the medical ser-
> vices mentioned in question number 1 serve
> to give the Board jurisdiction over the cost
> or expense of such medical services?

> 3.  Does the Board have jurisdiction to
> consider the cost or expense of such medical
> services while the appeal from the Board's
> order or award is pending before the proper
> court?

Regarding your first question, the Industrial Acci-
dent Board does not have jurisdiction to consider and rule on
the cost or expense of medical services furnished to and
received by the workman during such intervening period.  It

is well-settled that once an award or order is appealed to the proper court, the court gains jurisdiction over all parties and issues involved in the controversy, the Board's order is vacated, and the Board is divested of all jurisdiction over the claim. Southern Casualty Co. v. Fulkerson, 45 S.W.2d 152 (Comm.App. 1932); Texas Employers Insurance Association v. John W. Nitcholas, 328 S.W.2d 338 (Civ.App. 1959); Industrial Accident Board v. Texas Employers Insurance Association, 342 S.W.2d 213 (Civ. App. 1961). In Southern Casualty Co. v. Fulkerson, supra, the Court stated as follows:

> ". . . The legal effect of the institution of a suit by any interested party in a court of competent jurisdiction against all other parties before the board is to oust the board of any further jurisdiction over the case and to vest the court with jurisdiction over all parties and issues involved."

When claim number T-13819 was appealed, the Board's award was vacated and the Board's jurisdiction over such claim ceased. By such appeal the court gained jurisdiction over all parties and issues involved in such claim including the claim for medical services furnished to the workman prior to the date of the judgment. The Board would not have had jurisdiction over such claim for medical services prior to said amendment, and the amendment does not have the effect of conferring jurisdiction on the Board over such claim. With respect to the present case, the effect of the amendatory paragraph is to confer on the Board continuing jurisdiction to hear and determine the liability of the association for medical services furnished to and received by the workman, if any, after the date of the judgment.

The fact that the judgment in question does not mention the cost or expense of medical services received during the intervening period does not serve to broaden the Board's jurisdiction to cover these matters, and, therefore, your second question is answered in the negative.

As previously indicated once the Board's order or award is appealed to the proper court, the Board's jurisdiction over the controversy ceases and the court acquires jurisdiction to hear and determine all issues involved in the controversy, and, therefore, we answer your third question in the negative.

S U M M A R Y

The Board does not have jurisdiction to
hear and determine the liability of the
association for the cost or expense of
the medical services furnished to and
received by the workman during the inter-
vening period of September 7, 1960, to
February 10, 1961, and the fact that the
judgment entered on February 10, 1961,
did not mention such items does not serve
to broaden the Board's jurisdiction.
While an award or order of the Board is
pending before the proper court on appeal,
the Board has no jurisdiction to hear and
determine the liability of the association
for the cost or the expense of medical ser-
vices furnished to and received by the
workman after the date of the Board's
award but before the date of judgment.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Joe B. McMaster
Joe B. McMaster
Assistant Attorney General

JBMcM:mm:zt

APPROVED:
OPINION COMMITTEE
W. V. Geppert

William H. Pool, Jr.
Raymond V. Loftin, Jr.
Houghton Brownlee

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Morgan Nesbitt