The TRAVELERS INSURANCE COMPANY
et al., Appellants,

v.

Linda Louise FOX et vir, Appellees.

No. 16401.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 1, 1963.

Rehearing Denied March 1, 1963.

Baker, Botts, Shepherd & Coates, and Walter E. Workman, Houston, for appellant The Travelers Ins. Co.

Raymond L. McDermott, Houston, for appellant Judy Lewis.

L. J. Able and Nick C. Nichols, Houston, and J. M. Donald, Jacksboro, for appellees.

LANGDON, Justice.

On September 20, 1960, Lester Bruce Lewis received fatal injuries while employed by Woods Home Improvements in Harris County, Texas. His death was reported to the Industrial Accident Board by the employer. The carrier, The Travelers Insurance Company, commenced payment of compensation benefits to Mrs. Judy Lewis, the widow of the deceased, within the week. On October 21, 1960, the Board received notification of a claim for Mrs. Fox, appellee herein, alleging that she was the surviving minor daughter of the deceased by a prior marriage, and reciting further that the deceased refused to support said (former) wife and children.

On November 14, 1960, Travelers wrote the Board, with copies designated for the attorneys for both Mrs. Lewis and Mrs. Fox. It acknowledged that there appeared to be two claimants to the statutory benefits. Thereafter, Mrs. Lewis and Travelers entered into a lump sum payment agreement for one-half of the benefits, it being established and undisputed that the surviving widow, Mrs. Judy Lewis, was entitled to one-half of the benefits. The lump sum agreement was authorized and approved by order of the Board dated December 21, 1960. The agreement and the Board's order approving same specifically provided that Mrs. Lewis reserved all of her rights and claims to the remaining one-half of the benefits as against all other claimants. In a letter to the Board on December 28, 1960, Mrs. Lewis reiterated her claim and requested setting and hearing at an early date.

On January 13, 1961, the Board wrote to the attorney for Mrs. Fox advising that that the insurance carrier had accepted liability; that as soon as the beneficiaries had been established the carrier would commence compensation payments. The attorney was requested to submit necessary information at his earliest convenience for the Board's consideration in a hearing to determine the legal beneficiaries.

The record clearly establishes that both Mrs. Lewis and Mrs. Fox were asserting claim to the remaining one-half of the compensation.

The Board set the claims for hearing on the merits on May 30, 1961. On that date Travelers submitted its statement and evi-

dence as follows: "Carrier has accepted full liability on this case. The only reason for with holding the remaining one-half of fatal benefits under the Workmen's Compensation Act is the establishment of the legally constituted beneficiaries." On June 1, 1961, the Board made its award in which it denied the claim of Mrs. Lewis to the remaining one-half of the benefits and ordered Travelers to pay same to Mrs. Fox.

Mrs. Lewis gave her written notice of dissatisfaction with the award and intention to appeal therefrom, which was filed with the Board on June 5, 1961.

By copies of letter dated June 6, the Board advised Mrs. Fox and her attorney of this development. On June 17, 1961, Mrs. Lewis filed a suit styled Mrs. Judy Lewis v. The Travelers Insurance Company, No. 573,433 in the 127th Judicial District Court of Harris County, Texas. Travelers was duly served and answered in said case. The suit in Harris County is still pending. Mrs. Fox was not made a party to the suit nor personally served therein.

On August 18, 1961, approximately 2 months after Mrs. Lewis had filed suit in Harris County to appeal the award, the attorneys for Mrs. Fox wrote Travelers requesting payment under the Board's award. Travelers replied, expressing regrets at being unable to comply because of the Harris County Suit and furnished information concerning the suit instituted by Mrs. Judy Lewis.

On September 22, 1961, some three months after Mrs. Lewis filed suit in Harris County, this suit was instituted by Mrs. Fox, appellee herein, in the District Court of Jack County to (1) enforce the Board's award, (2) collect statutory penalties and attorneys fees, and (3) to enjoin proceedings in the suit previously filed by Mrs. Judy Lewis in Harris County under Sec. 5, Art. 8307, Vernon's Ann.Civ.St. in an appeal from the Board's award.

The case filed by Mrs. Lewis in Harris County was set for June 4, 1962, and the case filed by Mrs. Fox in Jack County was set for May 14, 1962.

In answer to this suit in Jack County, Travelers filed a sworn plea to the jurisdiction, asserting that the award upon which the suit was based had been appealed from and was therefore vacated. Mrs. Lewis filed a plea of privilege and a plea in abatement, the latter based upon the same jurisdictional grounds as Travelers' plea to the jurisdiction. The trial court overruled these pleas to which action appellants duly excepted.

The case proceeded to trial without a jury in the District Court of Jack County on May 24, 1962. On the same date the trial court entered judgment as prayed for by appellee enforcing the award of the Board, awarding statutory penalties and attorneys fees and enjoining further proceedings in the pending case filed by Mrs. Lewis in the 127th District Court of Harris County.

This appeal which seeks to set aside the judgment of the trial court is based primarily on the proposition that the District Court of Jack County did not have jurisdiction over the suit filed by Mrs. Fox to enforce the Board's award because of the prior appeal from such award filed by Mrs. Lewis in Harris County.

■ It is well settled in this state that when an appeal is taken from the action of the Industrial Accident Board by proper suit in the District Court that the order of the Board becomes a nullity. The Travelers Insurance Company v. Molinar, Tex. Civ.App., 331 S.W.2d 503, ref. n. r. e.

Sec. 5, Art. 8307, V.A.T.S. provides in substance that any interested party who is unwilling to abide the final ruling of the Board shall, within 20 days after such ruling file notice with the Board of such unwillingness. That within 20 days after such notice he shall bring suit in the county where the injury occurred to set aside said final ruling and said Board shall proceed no further toward the adjustment of such claim. That once such suit is filed the

rights and liabilities of the parties thereto shall be determined by the provisions of this law, and the suit of persons suing on account of the death of such employee shall be against the association.

In our opinion Mrs. Lewis fully complied with all of the provisions of Sec. 5 and therefore under the holding of the Molinar case, supra, the appeal filed by her in Harris County was a "proper suit".

■ The record clearly reflects that Mrs. Lewis is an interested party. It is without dispute that she filed timely notice (within the 20 day period) of her unwillingness to abide by the final ruling of the Board and that within the prescribed 20 day period after such notice she filed suit against the association, the Travelers Insurance Company in Harris County, where the injury occurred, to set aside the Board's award. Travelers has been served in such suit and has filed an answer. The suit is still pending in Harris County.

It is our opinion under the settled law of this state that upon the filing of the suit by Mrs. Lewis in Harris County in compliance with the requirements of Sec. 5 that the final award, rulings, orders and decisions of the Industrial Accident Board were completely vacated, nullified, suspended and set aside as to all parties and issues involved. That the entire subject matter before the Board including all parties and issues were brought before the District Court of Harris County for a trial de novo.

It therefore follows that since the Board's award has been vacated by the appeal perfected by Mrs. Lewis it could not be made the basis of a suit in Jack County to enforce it. Maryland Casualty Co. v. Baker et al., 277 S.W. 204 (Tex.Civ.App., Waco), 1925, writ refused.

The decision in the case of Maryland Casualty Co. v. Baker was expressly approved by the commission of appeals in Southern Casualty Co. v. Fulkerson, Tex. Com.App., 45 S.W.2d 152 (p. 155). In its opinion the Commission of appeals stated: "As further proof that it is the evident and plain purpose and intent of the statute to confer jurisdiction on the court to hear and determine the entire case, both as to issues and parties, when one interested party appeals from the board to the court it will be noted that the statute further provides:

"(a) 'Said Board shall proceed no further toward the adjudgment of such claim.'

"(b) 'Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this law.'

"(c) 'The court shall in either event determine the issues in such cause instead of the board upon trial de novo.'"

■ Since the procedural steps contained in Sec. 5, Art. 8307 as prescribed by the legislature are both mandatory and jurisdictional, our courts have closely scrutinized the language and requirements thereof many times. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Zurich General Accident & Liability Ins. Co. v. Rodgers, 128 Tex. 313, 97 S.W.2d 674; Texas Reciprocal Ins. Ass'n v. Leger, 128 Tex. 319, 97 S.W.2d 677.

■ According to the various cases interpreting it, the apparent purpose of the statute is to permit any interested party who is brought under the jurisdiction of the Board to appeal the entire case to the District Court and thereby vest such Court with jurisdiction to preside over the litigation involving the several parties who were before the Board and to try the case for every purpose and to the same extent as though it had been originally instituted in such court.

Under the act the jurisdiction of the district court is not invoked as at common law. It is established by the act itself as the next succeeding statutory agency for review, its jurisdiction to be invoked by timely notice and appeal as provided by the act.

The Supreme Court in Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681, 692,

stated that to try a case de novo "vests a court with full power to determine the issues and rights of all parties involved, and to try the case as if the suit had been filed originally in that court." In Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619, at 622, the Supreme Court said: "The sine qua non of a de novo trial as that term is used to describe a retrial of a matter or controversy theretofore tried by another tribunal is the nullification of the judgment or order of the first tribunal and a retrial of the issues on which the judgment or order was founded. When jurisdiction of the second tribunal attaches, the judgment or order of the first tribunal is not merely suspended, but is nullified. Examples of that type of trial are found in our statutes applicable to appeals from Justice Court judgments and from awards made by the Industrial Accident Board."

■ When an appeal has been perfected under Sec. 5 this advanced stage of the proceeding is unlike a suit at common law, because the court cannot acquire or exercise jurisdiction over any new party or claim. The jurisdiction of the court involves only the parties or claims over which the jurisdiction of the Board was first invoked. The court in the county where the injury occurred is the only court vested by statute with the power to re-determine the matters over which the Board exercised or could properly have exercised its original jurisdiction. Associated Indemnity Corporation v. Peel, Tex.Civ.App., 157 S.W.2d 416; Maryland Casualty Co. v. Moore, Tex.Civ. App., 74 S.W.2d 769, affirmed 129 Tex. 174, 102 S.W.2d 1118; Texas Employers' Ins. Ass'n v. Bradshaw, Tex.Civ.App., 27 S.W. 2d 314.

■ In a case such as this where there is a party over whose claim the jurisdiction of the Board was properly invoked, but who is not made a party or named in the suit brought to set aside the award, the claim of such party is nonetheless before the court and such party has the privilege and perhaps the duty to pursue his claim by appropriate pleading in such court. Such pleading may be in the form of an intervention, cross-action or by way of counterclaim.

In their brief answering the appellants the appellees concede that if Mrs. Judy Lewis had a real interest in the award made in favor of Mrs. Fox against the Travelers Insurance Company and had notice of her unwillingness to abide by the award of the board and had filed suit naming all parties, especially appellant as defendant, then such an appeal would have removed finality of the award.

In Associated Indemnity Corporation v. Peel, Tex.Civ.App., 157 S.W.2d 416, the beneficiaries asserted their compensation death claim before the Board. Peel concurrently filed his assigned claim for the funeral expenses and apparently filed no evidence to support his claim. It therefore was not mentioned in the Board's award. The insurer then brought suit against the beneficiaries only, to set aside the award. Although Peel was never made a party to this suit, the court nevertheless proceeded to judgment. Thereafter, Peel went back to the Board and by asserting his claim again, he secured the entry of a second award, which was appealed by the insurer. The insurer contended that neither the Board nor the Court had subject-matter jurisdiction over Peel's claim, since his claim had been impliedly denied in the first award and Peel had then failed to further prosecute his claim by cross-action or intervention in the prior suit brought to set aside the first award. In the Court of Civil Appeals, the trial court's judgment in Peel's favor was reversed, the court holding as follows (157 S.W.2d at 417–418):

"When the Board adjudicated the claim of the beneficiaries without affirmatively disposing of appellee's (Peel's) incidental claim, the effect was a denial of that claim.

"When the insurance carrier appealed to the District Court from the award made by the Board on the principal claim, such appeal had the effect of depriving the Board

of all jurisdiction of the principal as well as incidental claims, and of transferring to the District Court appellee's claim and all other matters which could have been adjudicated by the Board, whether affirmatively disposed of therein or not. * * *

"Appellee's remedy in such case was to exercise his privilege to assert his claim by way of cross-action in appellant's appeal in the District Court. * * *

"The Industrial Accident Board having denied appellee's claim, by implication, its jurisdiction thereover was exhausted, and appellee having failed to prosecute his claim in the District Court, while it had jurisdiction thereover on appeal, appellee was thereby cut off from renewing his claim before the Board, whose jurisdiction thereover had been previously invoked by him and exhausted.

"The Board being without jurisdiction to revive the claim, the County Court was likewise without jurisdiction to entertain an appeal from the Board's award thereon, and the County Court being without jurisdiction, this Court has none.

"The judgment of the County Court is accordingly reversed and the cause, including appellee's cross-action in the County Court, is dismissed, at appellee's cost."

Under the holding in the Peel case the appeal to set aside the first award vested the district court with subject matter jurisdiction over Peel's claim although the court did not acquire common law in personam jurisdiction as to Peel. The same conclusion was reached in Holveck v. Phoenix Indemnity Co., 101 F.Supp. 537 (N.D.Tex. 1952) in a similar case.

The case of Industrial Accident Bd. v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 342 S.W.2d 213, ref. n. r. e., is very similar to this case. The court held in part as follows: "Appellee's (TEIA) position is that the primary question is whether one party perfecting its appeal has the effect of bringing all issues and parties before the District Court where the case is filed, or whether the award becomes final as to a party which does not appeal, and (TEIA) say that an appeal by any party has the effect of bringing all issues and parties before the District Court and amounts to an annulment or suspension of the Board's award.

\*    \*    \*    \*    \*    \*

"We believe and conclude that the notice of appeal by the alleged claimants and the institution of the suit in the District Court of Andrews County, Texas, had the effect of bringing all issues and parties before that court, and amounted to an annulment or suspension of the Board's award, * * *.

\*    \*    \*    \*    \*    \*

"The appeal having been timely made and a suit filed in the District Court of Andrews County, that Court acquired jurisdiction to determine whether or not the plaintiffs therein are in fact the legal beneficiaries and proper claimants of the deceased employee.

"The judgment of the Trial Court (sustaining the insurer's plea to the jurisdiction) is affirmed."

For a similar conclusion and holding see Texas Employers Ins. Ass'n v. Nitcholas, Tex.Civ.App., 328 S.W.2d 338 in which it is stated: "We agree with appellant. In one action, No. R–11478, and one award on May 2, 1957 the Industrial Accident Board disposed of two related claims and the two parties who filed them. The appeal of John W. Nitcholas from this award had the effect of setting aside the award in its entirety as to both claims and both parties. When Nitcholas perfected his appeal by filing his suit in District Court, the award of the Board was vacated as to both Nitcholas and Jackson Clinic. The effect of the appeal by Nitcholas was to give the District Court jurisdiction of all parties to the award. The burden was then on Jackson Clinic as well as Nitcholas to prosecute its claim to judgment in the District Court."

Under the authorities it appears without question that even though the appellees

were necessary parties to the suit filed by Mrs. Lewis that her failure to make them parties would not defeat the jurisdiction of the Harris County Court. Mrs. Fox may join or be joined in the suit in Harris County. Mrs. Lewis had and still has the right to join appellees by amendment of her pleadings and the District Court of Harris County is under a duty to permit this action. Jago v. Indemnity Ins. Co. of North America, 120 Tex. 204, 36 S.W.2d 980.

It is unnecessary to consider other assignments of error in view of the disposition which we have concluded must be made in this case. All of the points raised by the appellants challenging the right of the District Court of Jack County to entertain jurisdiction of the subject matter of this suit are sustained.

The case is reversed and remanded and the trial court is instructed to dismiss same for lack of jurisdiction. Costs in the court below and on this appeal are assessed against appellee.

Reversed and remanded.