**SECURITY INSURANCE COMPANY
OF HARTFORD, Appellant,**

v.

**Jan LATHAM, Appellee.**

No. 613.

Court of Civil Appeals of Texas,
Tyler.

March 16, 1972.

Rehearing Denied March 30, 1972.

Renfrow, Zeleskey, Cornelius, Rogers & Berry, Kenzy D. Hallmark, Lufkin, for appellant.

Sallas, Griffith & Meriwether, Gus E. Meriwether, Crockett, for appellee.

McKAY, Justice.

This suit was filed by appellee against appellant Security Insurance Company of Hartford (hereinafter called "Security") to mature an award of the Industrial Accident Board of Texas. Security filed a plea to the jurisdiction and a plea in abatement, while appellee filed a motion for summary judgment. After a hearing, the trial court overruled Security's plea to the jurisdiction and its plea in abatement, and then granted appellee's motion for summary judgment, maturing the award of the Industrial Accident Board and awarding

appellee a statutory penalty of 12%. This appeal is from that action of the trial court.

On December 2, 1970, the Industrial Accident Board made an award to appellee against Security and Connecticut Indemnity Company (hereinafter called "Connecticut"), jointly and severally. On December 21, 1970, both Security and Connecticut filed notices of intention to appeal the award of the board, and thereafter on January 7, 1971, Connecticut filed Cause No. 9595 in the District Court of Houston County against appellee. Security was not made a party to that cause, No. 9595, by Connecticut, and Security did not file any separate suit as an appeal from the board award.

On February 2, 1971, the case at bar was filed by appellee against Security to mature the Industrial Accident Board award. On February 17, 1971, Security filed its plea to the jurisdiction and its plea in abatement in this cause, and on the same day filed its plea in intervention in Cause No. 9595, to which plea in intervention appellee has filed an answer.

Security complains by two points that the trial court erred in overruling its plea in abatement and entering judgment for appellee because (1) when Connecticut perfected its appeal from a joint and several award by filing Cause No. 9595 in the district court, all parties who appeared before the Industrial Accident Board were before the court in Cause No. 9595, and (2) because the board award had not become final but had been vacated and suspended by virtue of an appeal by Connecticut from a joint and several judgment against Connecticut and Security.

Security relies upon Maryland Casualty Co. v. Baker, 277 S.W. 204, (Tex.Civ.App., Waco, 1925, writ ref.); Southern Casualty Co. v. Fulkerson, 45 S.W.2d 152, (Comm. of Appeals, approved by Supreme Court, 1932); and Travelers Insurance Company v. Fox, 364 S.W.2d 859, (Tex.Civ.App.,

Fort Worth, 1963, writ ref., n. r. e.). In *Baker* an award was made against Maryland Casualty Company and Ocean Accident & Guarantee Corporation, jointly and severally. Thereafter, Ocean gave notice of appeal, but Maryland did not. However, both Ocean and Maryland filed separate suits in the district court, and Maryland also intervened in Ocean's suit. Thereafter, Baker filed suit against Maryland to enforce the award of the board made against both companies. The court said, " * * * the appeal duly perfected by giving notice and filing suit within the time prescribed * * * by the Ocean Accident & Guarantee Corporation, Limited, vacated, or at least suspended, the award of the board, and brought the entire case, with all of its parties and issues, before the district court of Milam county for final disposition by trial de novo, and said award, having been thus vacated or suspended, could not be made the basis of a suit in this court for its enforcement."

In *Fulkerson,* the plaintiff made a claim before the board against two insurance companies for compensation, and the board found against one company but for the other. The company against whom the award was made perfected its appeal and filed suit in the district court against both the plaintiff and the other company. Plaintiff then filed pleadings alleging both companies were his coinsurers and sought recovery, jointly and severally, against both. After a jury trial, the court rendered a joint and several judgment against both alleged insurers. Both companies appealed to the Court of Civil Appeals which held no recovery could be had against the company in whose favor the board had ruled because the appeal by the losing company before the board did not operate to appeal the plaintiff's cause against the winning company before the board. The Supreme Court, through the Commission of Appeals, said the purpose of Article 8307, sec. 5, Vernon's Ann.Civ.St. is "to allow any party interested, who has been brought under the jurisdiction of the

board, to carry the entire case to the court, and to vest the court with power to take up the litigation of the several parties and try the cause just as fully and completely as though the suit had begun in such court in the first instance. * * * all that is necessary to confer jurisdiction on the court over all parties and issues originally brought before the board is for one of the interested parties over whom the board had jurisdiction to bring the cause of action before the court in the manner and within the time required by the act. * * * When the cause was duly brought before the court, the burden was on claimant to plead and prove his asserted cause of action against the alleged coinsurers just as he would have had to do if the court had had jurisdiction to begin with." The court specifically approved the Baker case.

In the *Fox* case there were three parties before the board, and an appeal was perfected by one party against a second party, but the third party was not made a party to the district court suit, but upon discovery that a suit had been filed such third party filed a separate suit to enforce the board award in her favor and to enjoin the suit which was then pending between the other two parties. The court held that when an appeal is taken and perfected from the action of the board, the order of the board becomes a nullity and that "the final award, rulings, orders and decisions of the Industrial Accident Board were completely vacated, nullified, suspended, and set aside as to all parties and issues involved. That the entire subject matter before the Board including all parties and issues were brought before the District Court of Harris County for a trial de novo."

The court further held, citing *Baker* and *Fulkerson,* that "since the Board's award has been vacated by the appeal perfected by Mrs. Lewis it could not be made the basis of a suit in Jack County to enforce it. * * * In a case such as this where there is a party over whose claim the ju-

risdiction of the Board was properly invoked, but who is not made a party or named in the suit brought to set aside the award, the claim of such party is nonetheless before the court and such party has the privilege and perhaps the duty to pursue his claim by appropriate pleading in such court. Such pleading may be in the form of an intervention, cross-action, or by way of counterclaim."

The appellee relies upon Richards v. Consolidated Underwriters, 411 S.W.2d 436 (Tex.Civ.App., Beaumont, 1967, writ ref.), and Mosqueda v. Home Indemnity Company, 443 S.W.2d 901 (Tex.Civ.App., Corpus Christi, 1969, writ ref., n. r. e.). *Richards* may be distinguished, we believe, from *Baker, Fulkerson* and *Fox. Richards* holds that a claimant appealing from a decision of the board must file suit against any party against whom he claimed before the board within the twenty days after giving notice of appeal, or his suit against such party will be barred by limitation.

We are also of the opinion that *Mosqueda* may be distinguished on its peculiar fact situation. There, in an appeal taken by the insurance carrier, the claimant, who was the son of the deceased workman, and who had received a favorable award before the board, was not made a party to the suit, such suit on appeal being against a brother and an adult son of deceased, one of whom pled he had no interest, and the other claiming only reimbursement for a $500.00 funeral expense which he paid. The court held, "we are of the opinion that under Sec. 5, Art. 8307, V.A.C.S., a suit to set aside an award of the Industrial Accident Board brought by the insurance carrier in order to be effective as against the principal beneficiary under such award must name him as a party; and that a suit brought by the insurance carrier against other parties who had no interest or who have a claim for funeral expenses only, does not invoke the jurisdiction of the district court and empower it to hear and de-

termine the cause between the insurance carrier and the principal beneficiary."

Notice of appeal followed by a timely filed suit in the district court by any party who was subject to the jurisdiction of the Industrial Accident Board vacates any award or order of the board and divests it of jurisdiction and makes any award of the board a nullity. Maryland Casualty Co. v. Baker, supra; Industrial Accident Board v. Texas Employers' Insurance Association, 342 S.W.2d 213 (Tex.Civ.App., Austin, 1961, writ ref., n. r. e.); The Travelers Insurance Company v. Fox, supra; New Amsterdam Casualty Co. v. Merrifield, 74 S.W.2d 185 (Tex.Civ. App., Austin, 1934, n. w. h.).

When an appeal is perfected under Section 5 of Article 8307, V.A.T.S., the district court has the exclusive jurisdiction, by trial de novo, over the subject matter over which the Industrial Accident Board exercised, or could properly have exercised, original jurisdiction. Travelers Insurance Company v. Fox, supra; Associated Indemnity Corporation v. Peel, 157 S. W.2d 416 (Tex.Civ.App., San Antonio, 1941, writ dismissed); New Amsterdam Casualty Co. v. Merrifield, supra; Maryland Casualty Co. v. Reel, 64 S.W.2d 1047 (Tex. Civ.App., San Antonio, 1933, n. w. h.); Southern Casualty Co. v. Fulkerson, supra; Texas Employers' Ins. Ass'n v. Bradshaw, 27 S.W.2d 314 (Tex.Civ.App., San Antonio, 1930, writ ref.).

When an appeal is perfected to the district court, there is no valid, enforceable order of the Industrial Accident Board, and the subject matter which was before the board having come under the jurisdiction of the district court, there is no award made by the board which is still valid and subject to being matured by a separate suit in the district court. Sec. 5, Article 8307, V.A.T.S.; Travelers Insurance Company v. Fox, supra; New Amsterdam Casualty Co. v. Merrifield, supra.

We conclude that the district court was without jurisdiction to render judgment in this cause because there was no valid order of the Industrial Accident Board in existence. The subject matter and the parties were under the jurisdiction of the district court in Cause No. 9595. We sustain appellant's points.

While the affidavit of appellant's counsel in opposition to appellee's motion for summary judgment states, "I have personal knowledge that Jan Latham has appeared and answered in opposition to this plea of intervention," appellant's brief contains the statement that, "It is undisputed that all parties are before the court in Cause No. 9595." Appellee in her brief does not take issue with appellant on such statement, so we assume it is admitted that all parties are before the court in Cause No. 9595.

The judgment is reversed and the case is ordered dismissed.